John L. Zabriskie v. Mary Salter, Appellant, Charles Hallock, Respondent.

B. purchased certain lands subject to a mortgage of $3,000, he executed a second mortgage thereon of $4,000, and then conveyed to D., who conveyed the lands in three parcels, called parcels A., B. and C., to different grantees, A. and B. free from incumbrances, C. subject to the two mortgages. Subsequently the grantee of parcel A., conveyed it, subject to its liability for both mortgages, its proportion was fixed by contract at $1,584. The mortgage of $4,000 was foreclosed, and the owner of parcel A. procured a discharge of it from the mortgage upon payment of the proportion thereof, so charged upon it, and parcels B. and C., were bid off by S. A subsequent owner of parcel A., paid interest on its proportion of the $3,000 mortgage, and H. purchased it, taking the promise of his grantor to protect it from that mortgage. In an action to foreclose that mortgage, *held*, that under the original deeds of the three parcels the equities between the grantees would be to charge parcel C. primarily with the payment of both mortgages, but that by the subsequent grant of parcel A., subject to its proportionate share of the liability, and the acts of the various owners, it was to be assumed that the equities became changed, and that parcel A., was upon consideration satisfactory to the owners, made chargeable with a portion of the mortgage; that it should be required to pay its proportion as fixed, and parcels B. and C. should pay the remainder.

By the referee's deed to S., of parcels B. and C., the conveyance was subject to the $3,000 mortgage, there was a conflict in the evidence as to whether it was so put up and offered for sale, and it was denied that there was any order of the court authorizing the insertion of such a clause in the deed. *Held*, that said clause was not conclusive of an intent to charge those parcels exclusively with this mortgage, and from the fact that the owner of parcel A., applied for and obtained a discharge from the $4,000 mortgage only, the inference was that the mortgage of $3,000 still remained upon the whole property.

S. claimed, that having purchased on foreclosure sale of the $4,000 mortgage, she was to be regarded as taking title at the date of that mortgage, and that she was entitled to priority in equity over parcel A. *Held*, untenable; that the owner of said parcel having procured a discharge, upon payment of its proportion of the mortgage, occupied at least a position of equality with S.

(Argued March 9, 1880; decided April 6, 1880.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, affirming an order

of the County Court of Kings county, directing the order in which premises should be sold upon foreclosure sale herein.

The facts appear sufficiently in the opinion.

*Charles N. Black*, for appellant. At a foreclosure sale the purchaser takes the title which the mortgagor had when he gave the mortgage. (*Parker* v. *Rochester and Syracuse R. R. Co.*, 17 N. Y., 283, 287; *Smith* v. *Gardner*, 42 Barb., 356, 366; *Butler* v. *Viele*, 44 id., 166, 168; *Russell* v. *Pistor*, 7 N. Y., 171, 175; *Hart* v. *Wandle*, 50 id., 381, 386, 387.) The referee had no authority to insert a clause in his deed to Mrs. Salter that she take plots B. and C. subject to the mortgage in suit. (*Manning* v. *Mulligan*, 28 N. Y., 585.) Where land is sold subject to a mortgage, the land is the primary fund, as between the grantor and grantee, and those deriving title from the grantor for the payment of the mortgage debt. (*Jumel* v. *Jumel*, 7 Paige, 591.) Where different parcels of land are included in the same mortgage, and are afterwards sold to different purchasers, each holding in fee and severalty, each purchaser is bound to contribute to the discharge of the common burden or charge in proportion to the value which his parcel bears to the whole included in the mortgage. (Story's Eq. Juris., § 484; *Cheeseborough* v. *Millard*, 1 J. Ch., 409, 415; *Stevens* v. *Cooper*, 1 id., 425.) Drummond took his deed from Mrs. Brooks, subject to the Medham mortgage and the mortgage in suit which he assumed and agreed to pay. He thereby became the principal debtor, and it was his duty to pay them. (*Russell* v. *Pistor*, 7 N. Y., 171.)

*A. Dickinson*, for respondent. John Drummond had the legal right to convey as he did, and to charge the last piece sold with the payment of all the mortgages. The several parcels must be sold in the inverse order of alienation. (*Gouverneur* v. *Lynch*, 2 Paige, 300; *Schryver* v. *Teller*, 9 id., 173.)

CHURCH, Ch. J.   This controversy is between the owners of different parcels of land covered by a prior mortgage as to the right to priority of sale arising out of alleged equities. The whole parcel has been divided into three parcels called for convenience A. B. and C.   The county court directed by order that parcel C. should be first sold, then parcel B. and last parcel A.   Wiltberger the original owner of the whole property executed the mortgage in suit for $3,000 to the plaintiff and sold the property to Brooks subject to the mortgage.   Brooks executed a second mortgage of $4,000 and transferred the property to Drummond subject to both mortgages.   The latter on the next day conveyed the land in three parcels to different grantees, A. and B. free from incumbrances and C. subject to the two mortgages above specified and also subject to two other mortgages executed by himself on parcel C.   By this act the equities between these grantees would be to charge parcel C. primarily with the payment of the first two mortgages, and as between A. and B., if the deed of A. was first given and recorded, as claimed, to charge B. next, upon the principle of priority according to the inverse order of alienation.

Subsequently in a conveyance of parcel A. the grantee took the deed subject to its liability to both mortgages of $3,000 and $4,000, and it is proved by affidavit that the proportion of liability was fixed by contract at $1,584.   No explanation of this appears, but it must, we think, be assumed that the equities of the parties thereby became changed. When the second mortgage of $4,000 was foreclosed by Mrs. Salter the assignee and appellant here, the owner of lot A., applied to the court and procured a discharge of that parcel from the mortgage upon the payment of an amount which does not appear, but I infer that it was a proper proportion of the $1,584 charged upon it as above stated, and it also appears that a subsequent owner of that lot paid interest upon $640 of the mortgage of $3,000 in suit and recognized the liability of that lot for that amount, and there is some evidence that when Hallock, the present owner and

respondent, purchased the lot he took the promise of his grantor to protect it from that mortgage. We must presume that all these acts indicating that this lot A. was chargeable with some portion of this mortgage were upon consideration satisfactory to the different owners, and that such charge and liability actually existed.

But it is claimed that after the release of. parcel A. from the mortgage of $4,000, parcels B. and C. were bid off by Mrs. Salter, subject to the mortgage in suit, and hence that she expressly charged those lots primarily with its payment. The referee's deed to Mrs. Salter does convey the premises subject to that mortgage, but there is a direct conflict of evidence whether it was thus put up and offered for sale, and it is denied that there was any order of the court authorizing the referee to insert that clause in the deed. The clause itself would not be conclusive of an intent that lots B. and C. were to be exclusively charged with the payment of the mortgage. The title was subject to that mortgage without the clause, and if the property was not offered and bid off with the assumption of the mortgage, and there was no intent thus to charge it, the insertion of the clause in the deed might not have that effect. It is at least ambiguous, and the fact that the owner of lot A. applied for and procured a discharge from the mortgage of $4,000 only, the inference seems to follow that the mortgage of $3,000 still remained upon the whole property. If there is any other explanation of these acts it may be made to appear hereafter. The counsel for the appellant claims that Mrs. Salter, having purchased at the foreclosure sale of the mortgage of $4,000, she is to be regarded as taking title at the date of the mortgage, and hence if the clause in her deed does not effect a charge of the whole mortgage upon the lots B. and C., bid off by her, she is entitled to priority in equity over lot A. The doctrine invoked is correct to the extent of the amount of the mortgage. The giving of a mortgage is an alienation *pro tanto*, that is to the amount of the mortgage. (*Hart* v. *Mudle*, 50 N. Y., 381; *Kellogg* v. *Rand*, 11 Paige, 59.)

But I do not think that this principle will aid Mrs. Salter, as against the owner of lot A. The grantor of the latter having procured a discharge from the mortgage of $4,000, upon payment of the amount adjudged to be its proportionate share, occupies a position of equality at least with Mrs. Salter. In other words, such grantor occupies the same position she would if she had purchased lot A. at the foreclosure sale. Upon the whole case it may be remarked that the facts are not very clearly developed, and hence there is some difficulty in adjusting the equities, but as the case stands we think that parcel A. should pay the balance of $1,584, not paid when it was discharged from the mortgage of $4,000, which balance we infer from the evidence to be $640 of principal, and lots B. and C. should pay the remainder. The order in which the latter are sold does not seem material, as they are owned by the same person. But as the facts are not very clearly proven, we think the parties ought to have an opportunity, if they desire it, to have a rehearing.

The order of the General Term is therefore modified, so as to direct a modification of the order of the county court, in accordance with this opinion, unless either party desires a re-hearing before the county court, in which case such re-hearing may be had, and in either event without costs in this court or the Supreme Court.

All concur, except ANDREWS, J., absent.

Ordered accordingly.