# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Zeller, Appellant, v. Henry.

*Suretyship—Mortgage—Husband and wife—Subrogation.*

If the land of a wife is mortgaged for the husband's debt, a subsequent judgment creditor of the husband cannot claim that the mortgagee shall proceed first against the property of the wife, nor can he claim to be subrogated to the mortgagee's security against the wife. The wife is but a surety to the mortgagee for the husband.

A husband owned one seventh of a farm and his wife six sevenths of it. Both husband and wife joined in a mortgage of the whole farm to secure a debt of the husband. A judgment was subsequently entered against the husband, and his interest in the land was sold, with notice that the wife had joined in the mortgage as surety only. After a deed was made to the purchaser, judgment was obtained upon the mortgage. To prevent a sale the purchaser of the husband's interest paid the mortgage debt with interest and costs to the sheriff, who paid the money into court. The purchaser then obtained a rule to show cause why the mortgage should not be marked to his use, so that he could proceed against the wife's interest to reimburse him for his loss. *Held*, that the rule was properly discharged, as the purchaser was not entitled to subrogation against the wife who was merely a surety for the mortgage debt.

Argued Feb. 13, 1893. Appeal, No 327, Jan. T., 1892, by Daniel W. Zeller, judgment creditor, from order of C. P. Lebanon Co., Jan. T., 1885, No. 71, Henry v. Light, discharging rule to mark judgment to use. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and DEAN, JJ.

Rule for subrogation.  Before McPHERSON, J.

From the record, it appeared that in 1878 Beuben L. Light and Susanna Light his wife owned a farm of one hundred and twenty-three acres in Lebanon county.  The husband owned one seventh and the wife six sevenths of the land.  On April 3, 1878, Reuben and his wife joined in a mortgage of the entire farm to Christian Henry, to secure the sum of $2,000, a debt of the husband.  This mortgage was the first lien on the land. On July 24, 1884, John H. Uhler obtained judgment against Reuben L. Light.  On this judgment a fi. fa. was issued, the interest of Light in the farm condemned, a ven. ex. issued and his interest exposed to public sale, at which sale notice was given that there was a mortgage, a first lien upon the farm, for $2,000, jointly executed by husband and wife, for the debt of the husband, and that the wife was surety for the husband. Zeller bought the interest of Light for $2,500, and received a deed from the sheriff on Nov. 13, 1884.

Zeller offered to pay the mortgage debt and interest to the mortgagee, if he would assign the mortgage to him, which he refused to do, but on Dec. 12, 1884, issued a sci. fa. sur mortgage, and on Dec. 16, 1884, Reuben L. Light and Susanna, his wife, jointly confessed judgment de terris for the sum of $2,135 and costs, and the mortgagee issued a lev. fa., under which the sheriff advertised that he would expose to public sale, on Jan. 13, 1885, the interest of Reuben L. Light.  On the day of sale, just previous to the sale, Zeller paid to the sheriff the whole mortgage debt, interest and costs, amounting to $2,184.95, in order to prevent the sale of his interest in the land.

On Jan. 14, 1885, Zeller presented his petition to the court for subrogation to the rights of the mortgagee, in order that his cotenant might be made to contribute her share of the mortgage money.

A rule was issued to show cause, etc., and an answer filed by Light and his wife, denying the right to subrogation because the wife was the surety of the husband, and that Zeller had purchased with notice of that fact.  Christian Henry, in writing, agreed not to enter satisfaction on the mortgage or judgment obtained thereon until the court so ordered.

Rule discharged.  Zeller thereupon appealed.

*Error assigned* was order discharging rule.

*W. M. Derr*, for appellant, cited: Bryar's Ap., 111 Pa. 81; Tichenor v. Dodd, 3 Green Ch. 454; Calkins v. Munsel, 2 Root, 333; Eiceman v. Finch, 79 Ind. 511; Wager v. Chew, 15 Pa. 323; Watson's Ap., 90 Pa. 426; Gearhart v. Jordan, 11 Pa. 325; Ryer v. Gass, 130 Mass. 227; Brown v. Lapham, 3 Cush. 551; Gibson v. Crehore, 3 Pick. 475; Hinds v. Ballou, 44 N. H. 619; Leavitt v. Pratt, 53 Maine, 147; Carpenter v. Koons, 20 Pa. 222; Cooley's Ap., 1 Grant, 401; Hansell v. Lutz, 20 Pa. 284; Mevey's Ap., 4 Pa. 80; Fisher v. Clyde, 1 W. & S. 544; Wright v. Knepper, 1 Pa. 361; Koons v. Hartman, 7 Watts, 20; Sheidle v. Weishlee, 16 Pa. 134; Johns v. Reardon, 11 Md. 465; Miller's Ap., 119 Pa. 620; 15 A. & E. Enc. L. 864.

*Josiah Funck*, for appellees, cited: Dollar Savings Bank v. Burns, 87 Pa. 491; Bryar's Ap., 111 Pa. 81; Cooley's Ap., 1 Grant, 401; Hansell v. Lutz, 20 Pa. 284; Sheidle v. Weishlee, 16 Pa. 134; Bispham's Eq., 2d ed. § 342.

OPINION BY MR. JUSTICE McCOLLUM, October 2, 1893:

Reuben L. Light and his wife Susanna Light mortgaged their farm of one hundred and twenty-three acres in Lebanon county to secure the debt of the husband to Christian Henry, mortgagee. The mortgage was a first lien. The husband owned one seventh of the farm and the wife six sevenths of it. At a sale upon a judgment against the husband his interest in it was purchased by David W. Zeller, with notice that the wife joined in the mortgage as surety. After he received a deed of the land so purchased it was levied upon and advertised for sale by virtue of a writ issued upon a judgment obtained on the mortgage. A sale on this writ would have passed to the purchaser the title which Reuben Light had when he executed the mortgage, and extinguished the equity of redemption which Zeller acquired by his purchase. To prevent such a result the latter proposed to buy the mortgage, and, on the refusal of the mortgagee to sell it, paid the mortgage debt with interest and costs to the sheriff, and served a notice on him to pay the money into court. He then moved for and obtained a rule on the

mortgagors and mortgagee to show cause why the mortgage should not be marked to his use. This rule, after argument and due consideration, was discharged, and from the order discharging it he appealed. The single question raised by his appeal is whether he is entitled to subrogation to the rights of the mortgagee against the property of Susanna Light. In considering this question it should be borne in mind that Mrs. Light was simply a surety for the mortgage debt, and while her land was pledged for it she had an equity to require that the mortgagee should sell her husband's land before resorting to hers for satisfaction of any part of it. It may be conceded that, if she was liable as a principal for any portion of this debt, Zeller, having paid the whole of it in order to save the interest he acquired as a purchaser at the sheriff's sale, might be subrogated to the rights of the mortgagee to enable him to collect such portion from her land. But the entire debt was her husband's and his land was primarily chargeable with it. Zeller bought this land subject to the mortgage, and by his purchase acquired the right which the husband had in it when the judgment was entered on which the sale was effected. What was this right? Nothing more nor less than an equity of redemption, a right to hold the land by paying the debt for which it was mortgaged. He was not personally bound for this debt; but, by paying it to prevent a sale of the land he purchased subject to it; the surety was as effectually released as if the principal debtor paid it. If he had bought, taken an assignment of, and sold the land upon the mortgage, and at the sale had purchased the land for less than the debt, he would have no valid claim against the principal debtor or mortgagor for the balance of it: Dollar Savings Bank v. Burns, 87 Pa. 491; Cooley's Appeal, 1 Grant, 401; Hansell v. Lutz, 20 Pa. 284. The application to this case of the principles on which the cases cited were determined is a sufficient answer to the appellant's claim, because it is familiar law that the surety is discharged by that which extinguishes or satisfies the obligation of the principal.

The specification of error is overruled.

The order discharging the rule to show cause is affirmed at the costs of the appellant.