(10 Misc. Rep. 386.)

### MOONEY v. MOONEY.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. ALIMONY—AMOUNT—CONSTRUCTION OF ORDER.
    An order for alimony, directing the payment of "the sum of $20 per week * * * in the following manner; that is to say, in sums of $40 semimonthly on the first and third Mondays of each month," means that the alimony is payable at the rate of $80 per month.

2. ORDER FOR ALIMONY—CONSTRUCTION BY PARTIES.
    Where a certain construction of an order for alimony was adopted by both parties for over six years, the court will not afterwards give it a different construction at the instance of one of the parties.

Appeal from special term.

Action by Catharine Mooney against James Mooney. From an order fixing the payment of arrears of alimony, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Henry Schmitt, for appellant.
Chas. W. Coleman, for respondent.

DALY, C. J. A decree of separation was granted on March 19, 1887, to the plaintiff, and the defendant was directed to pay her "the sum of twenty dollars per week * * * in the following manner; that is to say, in sums of forty dollars semimonthly on the first and third Mondays of each month." Twenty dollars per week amount annually to $1,040, $40 semimonthly to $960. Defendant paid the latter sum for over six years, up to September, 1893, and it does not appear that any other demand was made upon him during that period. In June and July, 1894, having been irregular in his

payments of $80 per month for several months, and being in arrears therefor, the plaintiff made a demand upon him for arrears of alimony at the rate of $1,040 per annum, for the whole period from the date of the decree up to that time; and, payment not having been made, she instituted proceedings to punish him for contempt. The court granted the motion in so far as it enforced unpaid alimony at the rate of $80 per month, but declined to adopt the plaintiff's view that the decree compelled the payment of any greater sum. In this view we agree. There seems to be a contradiction in the terms of the decree, which provides for the payment of $20 per week by payments of $40 semimonthly. This doubtless arose from the familiar habit of reckoning four weeks to the month, and clearly indicates that that method of computation was in the minds of the parties and counsel when weekly payments of $20 were specified, and that 52 payments per annum of $20 each were not contemplated. As the decree was drawn by plaintiff's counsel, it might with propriety be urged that it is to be construed most strongly against her; but it certainly has been construed in one way by both parties, as shown by the regular payment and receipt of $40 semimonthly for over six years, without any proceedings having been taken during that time to enforce the payment of any greater sum. The construction now claimed by defendant, having therefore been adopted by both parties, must, under the circumstances, be accepted by the court as their intention. All concur. Order affirmed, with costs and disbursements.