## Fulmer *v*. Stewart, Appellant.

Argued March 9, 1903.   Appeal, No. 80, Jan. T., 1902, by
defendant, from order of C. P. Northampton Co., Feb. T.
1902, No. 40, distributing proceeds of sheriff's sale in case of
Chester B. Fulmer, Administrator of Henry Fulmer, Deceased,
v. Margaret K. Stewart et ux. et al.   Before MITCHELL, DEAN,
BROWN and MESTREZAT, JJ.   Reversed.

Argued March 9, 1903.   Appeal, No. 78, Jan. T., 1902, by
defendant, from judgment of C. P. Northampton Co., March T.,
1897, No. 22, for plaintiff on case tried before the court with-
out a jury in suit of Chester B. Fulmer, Administrator of
Henry Fulmer, Deceased, v. Margaret K. Stewart et ux. et al.
Before MITCHELL, DEAN, BROWN and MESTREZAT, JJ.   Re-
versed.

*F. W. Edgar*, for appellant.

*Edward J. Fox* and *H. I. Steele*, for appellee.

OPINION bY MR. JUSTICE DEAN, October 12, 1903 :
This is the suit on sci. fa. on the mortgage by Margaret K.

Stewart, and her husband to Henry Fulmer on the land of the wife as noticed in our opinion in decree of the distribution in No. 79 of the same term. We think the court below in refusing to affirm defendant's second point committed error, as follows:

"Under all the evidence in the cause and the law applicable thereto, Margaret K. Stewart with respect to her Northampton street property, bound by the mortgage in suit, occupies the equitable relation of surety for the mortgage bond entered as the first judgment lien of record on the Second street property, belonging to her husband, Edward F. Stewart. She has all the rights of a surety growing out of the equitable relationship between the respective pieces of land. She had the right to require that her husband's land be first taken in execution and the proceeds applied upon the indebtedness of Fulmer, in relief of her own land and discharge pro tanto of the mortgage. *Answer:* Refused."

Affirming this point would give Margaret K. Stewart a credit on this mortgage on the net amount of the balance appropriated to the Fulmer judgment by the auditor, to wit: the sum of $6,450.56, which should be credited on the mortgage as of the day judgment was had on the scire facias sur mortgage. Our reasons for the decree are given in the opinion, Stewart v. Stewart, ante, p. 59. The judgment in this case is therefore modified accordingly.