# G. A. PARTEN AND OTHERS v. FIRST NATIONAL BANK & TRUST COMPANY AND OTHERS.[1]

December 30, 1938.

No. 31,813.

[1]Reported in 283 N. W. 408.

*Thompson, Hessian & Fletcher,* for appellants.
*Keyes, Pardee, Solether & Carr,* for plaintiff-respondents.

PETERSON, JUSTICE.

This action is brought to recover judgment that the First National Bank and Trust Company as trustee under the will of Dr. Owen J. Evans, deceased, is entitled to a lien upon the interest formerly belonging to Mrs. Tamazine M. Evans in certain real estate in Minneapolis known as the Anglesey Hotel, for contribution on account of the sum of $14,163.35 expended by it as cotenant of Mrs. Evans and the other defendants in payment of taxes, interest, and instalments of principal of a mortgage on the property. Foreclosure of the lien by sale, but no personal judgment, is asked. The First National Bank and Trust Company is defendant both as trustee under the last will of Dr. Evans, deceased, and as executor under the last will of Mrs. Evans, also deceased. Herein it will be designated only as trustee or executor in referring to it in its respective representative capacities.

This controversy is between two groups who derive their rights from Dr. Evans. The plaintiffs are beneficiaries of the C. T. Edgar Trust, which has succeeded to the interest of the residuary legatees, and the defendants the executor, McKee, and Cochrane have succeeded to the interest of Mrs. Evans. Dr. Evans died testate on October 17, 1916. By his will he disposed of his entire estate in trust to the trustee's predecessor in which he provided, among other things, that Mrs. Evans was to have a monthly income of $200 from the trust estate and after her death that the property was to be sold, converted into cash, and distributed among his nieces, nephews, grandnieces, and grandnephews. Mrs. Evans elected to take under the statute, in consequence of which she took one-third and the trustee got only two-thirds of Dr. Evans' estate. The interest of the residuary legatees was acquired by C. T. Edgar in 1926 and later conveyed by him in trust to the trustee of the C. T. Edgar Trust (see In re Trust Created by Edgar, 200 Minn. 340, 274 N. W. 226), of which the plaintiffs are beneficiaries. The trustee and Mrs. Evans and later her successors in interest have been the owners of the

Anglesey as tenants in common. The tenancy in common is the basis of plaintiffs' claim that the trustee has a right of contribution.

Sometime after he drew his will and shortly before he died, Dr. Evans contracted for a lease of the Anglesey at an annual rental of $6,600, the lessee to pay the taxes and insurance. The lease was executed after his death by the executor acting under license of the probate court and the widow. When the final decree was made the widow was entitled to one-third of the rent due under the lease and the trustee to the other two-thirds thereof. After compliance with the provisions of the will with respect to the payment of legacies, conversion of certain real estate into cash, and the application of the proceeds on the Anglesey mortgage, the Anglesey Hotel was the principal property of the estate. It was subject to a mortgage of $36,500, which was the personal obligation of the testator but not of Mrs. Evans.

The defendants claim that the last amended final decree in the probate court has determined that the trustee should make the payments out of the share of the Dr. Evans estate which it has received in trust. Mrs. Evans claimed, when she made her election to take under the statute as widow, that the provisions of the will were in addition to and not in lieu of her rights as widow. But this claim was not sustained. See In re Estate of Evans, 145 Minn. 252, 177 N. W. 126, 8 A. L. R. 1631. Proceedings to construe the will were then instituted in the probate court in which Mrs. Evans claimed that she was entitled to one-third of Dr. Evans' property absolutely as the widow and that among other things the trustee was required to pay her the income of $200 per month, and also pay the taxes, interest, and principal of the mortgage on the Anglesey out of its share of the Anglesey rents. The probate court denied her contention. She appealed to the district court of Hennepin county, which held that she was not entitled to the income of $200 a month upon the grounds that her election to take under the statute was in lieu of the provisions of the will made for her benefit, but that the trustee was required to carry out the trust so far as collecting the rents and profits and paying the taxes and interest of the mortgage on the Anglesey. Judgment pursuant to the findings of fact and

conclusions of law of Judge Montgomery was entered on March 26, 1923, and provided in section 3 that Mrs. Evans, the widow, by reason of her election to take under the statute, was entitled to an undivided one-third of all the rest and residue of Dr. Evans' property in lieu of the provisions of the will, and in section 5:

"That the Minneapolis Trust Company is entitled to an undivided two-thirds of the real property known as the Anglesey property, in trust, for the following uses and purposes, viz.:

"(a) To hold, manage, rent and lease the said property and out of the proceeds therefrom, to pay said Tamazine M. Evans one-third thereof, and from the remaining two-thirds thereof, to pay the insurance, taxes and interest on the encumbrance on said property, if any, and all expenses and charges in connection with the management of said property, and to apply any surplus then remaining to the reduction of said encumbrance, if any, against said property, and after payment of said encumbrance, to invest and reinvest such surplus and hold the same as part of the trust fund until the time for distribution thereof as hereinafter provided."—

and directed the probate court to modify its final decree in accordance therewith. On July 25, 1923, the probate court amended its final decree to conform with the judgment of the district court. On October 23, 1923, another amended decree of the probate court, referred to herein as the last amended final decree of the probate court, was made, as it recited, "chiefly for the purpose of fixing the compensation of L. F. Lammers, Esq., for legal services rendered in the district court for the persons claiming as residuary legatees." That decree provided that Lammers was entitled to a lien on the interest of the residuary legatees, the validity of which we do not now determine, in the sum of $8,530, and in section 3 that Mrs. Evans, by reason of her election to take under the statute in lieu of the provisions of the will, was entitled to an undivided one-third of all the rest and residue of the estate, real, personal, and mixed. Section 5(a) thereof was exactly the same as section 5(a) of the district court judgment except that "to pay said Tamazine M. Evans one-third thereof, and from the remaining two-thirds thereof" was

omitted following "(a) To hold, manage, rent and lease the said property and out of the proceeds therefrom * * *."

Approximately two years afterwards, the nieces, nephews, grand-nieces, and grandnephews made a motion to have Judge Montgomery amend the district court judgment by striking from section 5(a) that part which was omitted by the probate court in the last amended final decree. It was claimed that this provision, as originally drawn, provided that Mrs. Evans was to receive one-third of the Dr. Evans estate in fee and one-third of the income from the two-thirds held in trust. There was no claim that the trustee was not to pay the Anglesey taxes, interest, and principal of the mortgage. In support of the motion there was a showing by affidavit of one of the attorneys that the decision of Judge Montgomery sustained the contention of Mrs. Evans in part "and held that the mortgage on the Anglesey should be paid out of the income from the two-thirds interest of the heirs in the Anglesey and from their two-thirds interest in the other property in the estate worth about $14,000," that the probate court had entered an amended final decree in conformity with the judgment of the district court on the appeal, and that the judgment was a final adjudication of the rights of the parties on the points involved. Judge Montgomery denied the motion to amend, holding that the original judgment clearly stated his intention and that it was clear that it did not give Mrs. Evans one-third of the income from the two-thirds held in trust in addition to the other provisions made for her.

In the proceedings in the probate court, the several appeals and the motion to amend the judgment of the district court before Judge Montgomery, all parties interested were before the court. The residuary legatees through whom plaintiffs claim were present and represented in all the proceedings. Apparently all the parties adopted that construction of the probate court decree which conformed it to the district court judgment requiring the trustee to pay the Anglesey taxes, interest, and principal of the mortgage. The trustee, acting under that construction, between August, 1924, and March, 1936, made the payments in question. It filed many

intermediate accounts in which it charged such payments to the two-thirds interest held in trust without objection of any kind from any persons interested in the trust. That construction was not challenged until 12 years later after the decree was made, when the attorneys for the plaintiffs wrote a letter to the trustee demanding that it bring the present action, which it refused to do upon the grounds that in making the payments it only discharged a duty imposed upon it by the trust.

Mrs. Evans died testate on December 8, 1934. The defendants Maude L. McKee and Beecher McKee Cochrane are beneficiaries of a trust created under the terms of her will. Her estate is still in probate.

The defendants make numerous contentions on the merits in opposition to plaintiffs' claim, only one of which it is necessary to consider, and that is whether the last amended final decree of the probate court determined that Mrs. Evans was to have one-third of the property in fee absolutely and that out of the income of the remaining two-thirds the trustee was to pay the Anglesey taxes, interest, and principal on the mortgage. The decision below was in favor of plaintiffs.

■ Before considering the merits, we notice the contention that there is a defect of parties plaintiff. This question was raised below by a demurrer which was overruled. That plaintiffs have enforceable rights as beneficiaries of the Edgar Trust is settled by our decision in Townsend v. Milaca Motor Co. 194 Minn. 423, 260 N. W. 525. The question raised by the demurrer related only to absence of necessary parties rather than to the right of those before the court to sue on the cause of action alleged. The case is reviewed here on appeal from the order denying the motion for new trial, which did not assign the ruling on the demurrer as error. On appeal from an order denying a new trial the review is limited to errors assigned in the motion for new trial. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 395; Searles v. Thompson, 18 Minn. 285 (316). See Grimes v. Ericson, 94 Minn. 461, 103 N. W. 334. The question of proper parties plaintiff is not before us.

The last amended final decree of the probate court determined the rights of the parties. Our present inquiry is to ascertain what the decree determined. Section 5(a) of the probate court decree imposed on the trustee the duty and burden of paying the Anglesey taxes, interest, and instalments of the mortgage out of its share of the rents received from the Anglesey property. The language is adequate to conform to the district court judgment. Ambiguity as to its construction arises not because the provision itself does not conform to the district court judgment, but from considering the provision in the light of the omission therefrom of the clause in the district court judgment, already referred to, reciting that such payments should be made out of the two-thirds of the Anglesey rents received by the trustees. Where there is ambiguity as to the meaning of a judgment or decree, the whole record may be examined to ascertain its meaning. Simons v. Munch, 127 Minn. 266, 149 N. W. 304. That construction will be adopted which makes the decree such as ought to have been rendered. Simons v. Munch, *supra*. That construction in this case is that the trustee was to make the payments in question out of its share of the income from the Anglesey property. There is no express statement of intention in the probate court decree to provide otherwise. On the contrary, the recital in the decree of intention to conform to the district court judgment negatives any implication arising from the omission.

The rule of practical construction may be resorted to in construing a judgment. 1 Freeman, Judgments (5 ed.) § 76. The practical construction of the probate decree by the parties was that the trustee was required to make the payments out of the share of Dr. Evans' estate which it received in trust. The residuary legatees, to whose interests plaintiffs have succeeded through the Edgar Trust, accepted that construction of the probate court decree and the judgment of the district court and invoked the jurisdiction of the district court to amend its judgment upon that basis. The trustee accepted that construction as the correct one and acted under it without challenge or question for at least 12 years in the performance of its duties. While there might be strong reasons for holding that the plaintiffs are estopped to question that construc-

tion of the judgment because of the position taken by the beneficiaries on the motion to amend, it is clear beyond dispute that the parties have solemnly adopted that construction of the probate decree and acted under it until the instant action was begun. The construction which the parties have placed upon a judgment or decree ordinarily will not be changed except for strong reasons. Donohue v. Vosper, 243 U. S. 59, 37 S. Ct. 350, 61 L. ed. 592; Rodee v. City of Ogdensburg, 86 Misc. 229, 148 N. Y. S. 826; Mooney v. Mooney, 10 Misc. 386, 31 N. Y. S. 118; La Luz Com. Ditch Co. v. Town of Alamogordo, 34 N. M. 127, 138, 279 P. 72; Bank of the Old Dominion v. McVeigh, 32 Gratt. (Va.) 530. The amended final decree has received a practical construction which conforms it to the district court judgment, and that construction ought not now be disturbed. The practical construction bespeaks the true meaning of the decree and has rendered clear and certain, if it were not already so, what the plaintiffs now claim to be doubtful.

■ Of course the rule is that a tenant in common is entitled to contribution from his cotenants for outlays on account of the common burden or liability of all to pay the taxes, encumbrances, and other charges for the benefit of the common property. Schoonover v. Galarnault, 45 Minn. 174, 47 N. W. 654; Buettel v. Harmount, 46 Minn. 481, 49 N. W. 250; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9604. So far as we have been advised, contribution has been allowed only where it was predicated on a common burden or liability. This is not a case of common burden or liability. The last amended final decree has made the trustee primarily liable for the payments in question by making them a charge on the property and the income therefrom which it has received thereunder. In re Estate of Oertle, 34 Minn. 173, 24 N. W. 924, 57 Am. R. 48. A tenant in common who is primarily liable for the payment which he makes is not entitled to contribution on account thereof from his cotenants. Zeller v. Henry, 157 Pa. 1, 27 A. 559. The reason is obvious. Contribution is the right of one who has discharged a common liability or burden to recover of another also liable the aliquot portion which he ought to pay or bear. It is a rule of equity by which liability is placed where it belongs. It is not founded on contract but on the

maxim that equality is equity and applies only where the parties are under a common burden or liability with respect to one and the same transaction. Waldref v. Dow, 172 Minn. 52, 214 N. W. 767. Equality of equity is lacking where the burden or liability is primarily on the party who makes the payment, since in such a situation he answers only for his own, not a common, liability. Hartford Acc. & Ind. Co. v. Anderson, 192 Minn. 200, 256 N. W. 185; Commercial Cas. Ins. Co. v. Hartford Acc. & Ind. Co. 190 Minn. 528, 252 N. W. 434, 253 N. W. 888; Munch v. McGrath, 124 Minn. 475, 145 N. W. 163; Stone v. Fenno, 6 Allen (Mass.) 579; Zabriskie v. Salter, 80 N. Y. 555; 3 Pomeroy, Equity Jurisprudence (4 ed.) § 1222. Thus it has been held that a devisee or legatee, otherwise entitled to contribution from other devisees or legatees of the same class on account of payment of the testator's debt, has no right of contribution where the party paying the debt is primarily liable for such payment by reason of its being a charge on the share of the estate received by him. McGuire v. Brown, 41 Iowa, 650; Drummond v. Drummond, 40 Me. 35; Thomas v. Thomas, 17 N. J. Eq. 356; Lamport v. Beeman, 34 Barb. (N. Y.) 239; Mason's Estate, 4 Pa. 497; Bell's Executors v. Bell, 32 Pa. 309; Dunbar v. Dunbar, 3 Vt. 472; Miller v. Holland, 84 Va. 652, 5 S. E. 701. As a matter of strict legal right, the entire burden of the payments was on the trustee, where the decree put it. Equity was all on the side of the trustee's cotenants. Hence there was no right of contribution.

Since the probate court decree has determined the rights and liabilities of the parties with respect to the claim of contribution, a new trial would result only in a judgment in favor of the defendants First National Bank and Trust Company as executor of and trustee named under the will of Tamazine M. Evans, deceased, and Maude L. McKee and Beecher McKee Cochrane. They are entitled to judgment as a matter of law.

Order reversed with directions to order judgment in favor of such defendants.