## Miller Lumber & Coal Company, Appellant, *v.* Berkheimer, Admrx., et al.

Submitted May 28, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Arthur Markowitz* and *Wm. W. Wogan*, of *Markowitz & Wogan*, for appellant.

*W. Burg Anstine* and *Allen C. Wiest*, for appellees.

OPINION BY MR. JUSTICE PARKER, June 30, 1941:

The court below dismissed plaintiff's bill in equity. We are all of the opinion that under the admitted facts the correct order was made.

The facts appear in a written stipulation agreed upon by the parties. The Industrial National Bank of West York holds a mortgage signed by Franklin Berkheimer and Mary J. Berkheimer, his wife, which mortgage is a lien on three parcels of real estate. One parcel was owned by the husband and wife as tenants by entireties at the time the mortgage was given, but is now the property of the wife as the surviving spouse. The two remaining parcels were owned by the husband in his own right when the mortgage was made but now form

part of the estate of the husband. The plaintiff, the Miller Lumber & Coal Company, holds a judgment against the husband alone and has a lien on the latter two parcels junior to the lien of the mortgage. Mary J. Berkheimer is administratrix c.t.a. of the estate of her husband and steps have been taken to collect the balance due on the mortgage from the separate real estate of the husband. His personal estate is negligible. Mrs. Berkheimer did not receive any of the proceeds of either the judgment or the mortgage. If resort is first had by the mortgagee to the deceased husband's land the lumber company will receive nothing and the bank will receive substantially all of its claim from the husband's property. The plaintiff offered to purchase the mortgage and the bank refused to sell it. The plaintiff then filed this bill praying that the bank be ordered to proceed first against the separate property of the wife. The lower court held that it would be inequitable to so order and dismissed the bill.

The plaintiff, in support of its claim, invokes the doctrine of marshalling of assets but that principle has no application here. The rule of marshalling does not prevail except where both funds are in the hands of a common debtor of both creditors or unless the fund not taken is one which in equity is primarily liable: *Ebenhardt's Appeal,* 8 W. & S. 327, 332; *Lloyd v. Galbraith,* 32 Pa. 103, 108; *Fessler v. Hickernell,* 82 Pa. 150, 153; *Schwarz's Estate,* 290 Pa. 420, 425, 139 A. 131. It also appears from the foregoing cases that the rule is never applied when it will bring about an unjust or inequitable result. The one fund to which the bank might resort was owned by Berkheimer and wife as tenants by entireties when the mortgage was given and is now the property of the surviving wife, while the other fund was owned by Berkheimer alone.

Each debt was in fact the debt of the husband alone and the wife has a right to insist that the husband's

land be sold first in satisfaction of what was in reality his debt. She has the rights of a surety: *Fulmer v. Stewart,* 207 Pa. 70, 71, 56 A. 1135. The rule is never enforced where it will unjustly prejudice the rights of third parties. This case is ruled in principle by *Zeller v. Henry,* 157 Pa. 1, 27 A. 559, and *Stewart v. Stewart,* 207 Pa. 59, 68, 56 A. 323, where we said: "If the land of a wife is mortgaged for a husband's debt, a subsequent judgment creditor of the husband cannot claim that the mortgagee shall proceed first against the property of the wife, nor can he claim to be subrogated to the mortgagee's security against the wife. The wife is but a surety to the mortgagee for the husband." What we have said demonstrates that even upon general equitable principles the plaintiff is not entitled to relief.

Decree affirmed at the costs of the appellant.