### THE HOUSTON CITY STREET RAILWAY COMPANY V. MRS. E. J. DELESDERNIER.

#### No. 2421.

1. **Duty of Street Railway Company.**—The following charge approved: "A street railway company using a public street by permission of the city council must so construct its track as to not unnecessarily impede travel, or to render travel over and across it more dangerous to persons using it with such care and skill as a person of ordinary prudence and skill should use under the circumstances than it would be but for such track being there in the condition it was." This does not assume the track under investigation to have been in good or bad condition.

2. **Same—Control of City Authorities.**—If a street railway track upon a public street by negligent construction or otherwise becomes unsafe to the public, it is no defense that by contract with the city and the railway there should be no liability, nor that the track had been laid as directed by the city authorities. The city can not contract so as to justify negligence to the injury or impairment of the safety of the public. If the city join in the unlawful act it would also be liable.

3. **Law of Liability for Injury on Public Street.**—If the plaintiff was rightfully driving on the street across the track of the street railway, and in so doing was exercising due care, and was injured by reason of the negligence of the defendant the street railway company in the construction of its track, or in suffering it to become out of repair and dangerous to travel, it would be liable, notwithstanding the city had directed and agreed to such negligence and approved it.

4. **Verdict.**—See facts held sufficient to support a verdict for $500 for injury to plaintiff suffered in crossing a street railway track when driving in a dog cart across the track.

APPEAL from Harris.  Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*Jones & Garnett*, for appellant, cited Railway v. Nolan, 53 Texas, 139; Railway v. Nixon, 52 Texas, 19; Tel. Co. v. Andrews, 78 Texas, 305; Parker v. Chancellor, 78 Texas, 524; Railway v. Rider, 62 Texas, 267; Freybe v. Tiernan, 76 Texas, 287; Hunnicutt v. The State, 75 Texas, 233; Leach v. Wilson County, 68 Texas, 353; Blum v. Whitworth,

66 Texas, 350; Cannon v. Cannon, 66 Texas, 682; Parker v. Leman, 10 Texas, 119; McAfee v. Robertson, 41 Texas, 357; Cunningham v. The State, 5 Texas, 440.

*Burke & Kirlicks*, for appellee.—A street railway company occupying the streets of a city with its tracks is bound to construct and maintain such tracks so as not to unnecessarily obstruct travel over said streets, nor to render travel over same more dangerous than it would have been but for said tracks. Carpenter v. Railway, 11 Abb. Pr., 416; Rockwell v. Railway, 64 Barb., 438; Fash v. Railway, 1 Daly, 148; Griveaud v. Railway, 33 Mo. App., 458; Elliott on Roads and Streets, p. 585; Dill. on Mun. Corp., secs. 794, 795, note 1; 2 Add. on Torts, p. 244, and notes.

COLLARD, JUDGE, *Section A.*—This suit was brought by the appellee, Mrs. Delesdernier, against the appellant, the Houston City Street Railway Company, for damages for personal injuries alleged to have been sustained by her by the negligence of the defendant in so constructing its track and permitting it to so get out of repair that the rails on Congress Street "protruded and extended above the surface of the street to an unreasonable and dangerous height," much greater than the safety of persons using the same demanded; and alleging that while she was driving carefully along the street the wheels of her buggy came in contact with the elevated rails; overturning her buggy and throwing her violently to the ground, producing the injuries complained of.

Besides general demurrer and denial, defendant answered, setting up that its track was laid under permission of the proper authorities; of the mayor, aldermen, and inhabitants of the city of Houston; that it was laid and has been maintained in all respects as required and directed by the city council and other proper officials of the city of Houston; and if there is any fault or defect in the same, it is not the fault of the defendant but of the city of Houston, which has exclusive control and regulation of the street and of the laying of the track thereon. Defendant also set up contributory negligence in general terms.

The trial resulted in a verdict and judgment for plaintiff for $500, from which defendant has appealed.

The testimony for plaintiff is, substantially, that she was driving along the street in a dog cart at a moderate rate of speed, and seeing some vehicles in the street ahead, to avoid a collision with them she had to turn to the left toward the street car track, and in crossing the same diagonally, the right wheel of the dog cart struck the outer rail of the track, and she was thrown to the ground and hurt as alleged. The vehicle was not turned over.

It was in proof for plaintiff, that the rails of the track were at the place of the accident about one-fourth to three-fourths of an inch above the level of the pavement, high enough to catch the wheel of the cart, and that it was this that caused the accident; the track was higher at that time than at the time of the trial. One Frost, a witness for plaintiff, testified, that the accident would not have occurred if the track had not been defective.

The testimony of the defendant tended to show that the track was not more than one-fourth of an inch above the pavement, or about even with the street grade, as nearly as it could be—not enough to be dangerous with careful driving; that the rails put down were flat, as required by the city, and were put down under the direction of the city officials; that the grooves were cut with an adze into the cypress blocks of the pavement one and one-fourth or one and one-half inches, as required by the city; that the work was done and supervised by the city, and was properly and skillfully done with a view to the safety of persons and vehicles using the same, and was not dangerous.

The city granted the right of way to the company to be so used as not to impede the streets or interfere with the use of the same by the public, stipulating "that all lines of road now owned or controlled and constructed, as well as those hereafter to be constructed by said company, should be put in thorough repair and maintained in good order;" also, "that the railways should be constructed of good and proper material and should be equipped and maintained as first-class railways;" requiring that all roadbeds should be constructed and repaired to conform to the established grade of the streets as fixed by the city engineer, under the direction of the city council; and that all work or repairs done upon defendant's lines that would in any manner affect the use of the streets by the public should be done to meet the approval of the city engineer, and should be altered by the company when notified by him to do so. It is made the duty of the city engineer when repairs become necessary to notify the company's officers, and in case it is not done by the officer so notified in a reasonable time, he is declared to be guilty of an offense. The city still retained control of its streets, and the manner in which the company should construct its works and use the same thereon.

The appellant claims that the court erred in the following paragraph of its charge: "A street railway company, using a public street by permission of the city council, must so construct and maintain its track as to not unnecessarily impede travel, or to render travel over and across it more dangerous to persons using it with such care and skill as a person of ordinary prudence and skill should use under the circumstances, than it would be but for such track being there in the condition it was."

The criticism of the charge is, that it assumes that the track impeded travel, or rendered travel more dangerous on the street than it would have been but for the presence of the same on the street, and tells the jury that it (the track) was in such certain condition. We do not see that the charge states to the jury what condition the track was in, or that it was more or less dangerous to travel because of its condition on the street. It only assumes the track to be in such condition as it really was—that is, such as the jury might find it was. There is another objection to this charge which is also made to the following charge, and they will be considered together:

"If you believe from the evidence that defendant company so constructed its track on Congress Street at place of the accident as to unnecessarily obstruct passing over it by plaintiff and others driving vehicles, and if plaintiff was in the exercise of such care and skill as a person of ordinary care and skill should have exercised at the time and under the circumstances, and if by reason of·defendant's track being in the condition it was, if same unnecessarily made the use of such street more dangerous than it otherwise would be, and if plaintiff did not by her manner of driving contribute to her being thrown out of her vehicle, find for plaintiff and assess the damage."

Appellant says the charge is erroneous, "because under it, even if the jury believed from the evidence that defendant company constructed and maintained its track on Congress Street in all things as directed and required by the proper authorities of the city of Houston, yet the jury were authorized to find for plaintiff if they believed that the track of defendant, so constructed and maintained, unnecessarily obstructed travel or impeded same, or rendered same more dangerous than it otherwise would have been, notwithstanding the charter of the city of Houston vested in the city council of said city the exclusive direction and control as to how such track should be laid, constructed, and maintained; and the further fact that defendant was bound to conform to such direction and control in the matter of placing and maintaining its said track, and notwithstanding the undisputed evidence showed that defendant had laid, placed, and maintained its track on said Congress Street under and by the authority of an express ordinance or permit from the city of Houston, and under and in accordance with the directions and requirements of the properly constituted authorities of said city of Houston, to-wit, its mayor, street commissioner, and city engineer."

We are unable to adopt as correct the principle contended for in the foregoing assignment of error. It means this: If by the contract with the city by ordinance the company was guilty of negligence in the construction of its road, or in failing to repair it, by which a person driving along the street, having the right to use it in the manner it was used, and in the exercise of due care, is injured, it would not be liable

because the city had authorized such negligence, and had supervised and approved the work as it was done. If this should be the law, a street railway company could by agreement with the city, and by its approval and direction, construct and operate its road in such a manner as to violate any other right of the public without incurring liability. The act stated in the charge of the court would be unlawful if done by the city itself; and if done by the company by permission and direction of the city, and if the city assisted in doing it, both would be wrongdoers. The nature of the case, the acts done and by whom, forbid the idea that the city alone would be liable because it required the work to be performed as it was. The company was not bound to make the contract nor to perform it in an unlawful manner. The company can not shield itself behind the unlawful consent, approval, or act of the city. The contract with the city was not a contract with the public, and could not bind the public. The public can not be so bound to suffer wrong. If the company and the city joined and acted together in the commission of the wrong, there would be two wrongdoers instead of one, and each would be liable.

Dillon, citing Horse Railroad v. Deitz, 50 Illinois, 210, says: "A street railway company authorized by the Legislature to lay down its track upon the streets of a city subject to such restrictions as the city council might impose, constructed its track under the direction of the city engineer, but in such manner in crossing a gutter as to cause surface waters to overflow and injure one of the adjoining proprietors, and it was held that the company was liable for the damages resulting from the improper construction of their track." 2 Dill. on Mun. Corp., sec. 721.

The true principle is, if the plaintiff was rightfully driving on the street across the track, and in doing so was exercising due care, and was injured as alleged by reason of the negligence of the defendant company in the construction of its track, or in suffering it to become out of repair and dangerous to travel, it would be liable, notwithstanding the city had directed and agreed to such negligence and approved it. City Railway v. Nolan, 53 Texas, 148, 149. The court below tried the case upon the correct principle, and did not commit the error assigned.

Several other assignments of error make the same complaint as the above, insisting that the rights of the company were not recognized by the court or jury. They are not well taken, and need not be further noticed.

As to the verdict, we are not prepared to say that it is so clearly unsupported by the evidence as to authorize an appellate court to set it aside. There was testimony tending to show that the injury was caused by the negligence of the company as alleged; the jury have passed upon it, and their verdict has been approved by the trial judge; we do not

think it should be disturbed.   As to the contributory negligence of the plaintiff insisted on by appellant, we can not say that the verdict was wrong.   Her testimony showed that she was driving carefully at an ordinary gait, and that the accident was not attributable to her or the horse she was driving, but to the condition of the track; that she turned to cross the railway track under circumstances which justified her in doing so.   The fact that she was driving a dog cart may have required of her more care than if she had been driving a four wheeled buggy; but such mode of conveyance would not deprive her of a recovery if she was careful in the management of it and was not otherwise guilty of negligence that contributed to the injury, if it was caused by the company's negligence.

Our conclusion is, that the judgment of the court below ought to be affirmed.

*Affirmed.*

Adopted March 22, 1892.