# William McLaughlin v. Philadelphia Traction Company, Appellant, and the City of Philadelphia.

*Negligence—Street railways—Rut in road at side of track.*

In an action against a street railway company to recover damages for personal injuries, where it appears that the accident was caused by a deep rut close to the outer side of a rail, and it also appears that the company was bound to keep the street in repair, it is not error for the court to refuse to admit evidence that the street in question, which was merely a dirt road, was in the same condition as any other dirt road.

*Negligence—Street railways—Rut in street—Contributory negligence.*

Plaintiff was driving a large barrel wagon on the track of defendants' street railway. The road was paved between the tracks, and there was a dirt road outside of the tracks. Close to the outside of one of the rails was a rut four or five feet in length, one foot in width and one foot in depth. The evidence showed that this rut had been there about two months. Plaintiff had driven over the road before. Under the law and ordinances of the city the railway company was bound to keep the road in repair. On the day of the accident plaintiff's wagon left the rails, and the wheels on one side sank into the rut, and plaintiff was thrown and injured. *Held*, that plaintiff's contributory negligence and defendants' negligence were questions for the jury, and having been submitted with proper instructions, a verdict and judgment for plaintiff should be sustained.

Argued April 7, 1896. Appeal, No. 145, Jan. T., 1896, by The Philadelphia Traction Company, one of the defendants, from judgment of C. P. No. 3, Phila. Co., Jan. T., 1896, No. 145, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MC-COLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.    Before FINLETTER, P. J.

At the trial it appeared that on October 21, 1891, plaintiff was driving a large barrel wagon on the tracks of the street railway company.    The street was paved between the rails, but outside of the rails was an ordinary dirt road.    Outside one of the rails, and close to it, was a rut four or five feet in length, one foot in width and one foot in depth.    On the day of the accident, plaintiff's wagon ran off the rails, and the wheels on one side sank into the rut, and plaintiff was thrown from his wagon and injured.    It appeared that the rut had been allowed to continue for about two months.    Under the law and the ordinances of the city it was the duty of the company to repair the street.

When John F. Dougherty was on the stand, he was asked:

What was the condition of that dirt road as compared with other dirt roads ?

Objected to.    Objection sustained.

Mr. Finletter for the city: I can show that the road in question was in the same condition as any other dirt road.

The Court: The negligence of the city, if there was any negligence, was in permitting a rut of that kind to exist.

To which ruling defendants excepted.    Bill sealed. [1]

The court charged in part as follows :

[If the defendants are both or either, under the evidence, found to be negligent, then the question arises, Was the driver of this wagon negligent?

As a driver of a vehicle of this kind upon the public highway, he is presumed to know the nature and character of the public streets and the nature and character of the business in which he is engaged, and therefore all the vigilance and care which you would reasonably expect from a careful driver of such a vehicle must be expected from him.    If the jury are satisfied from this evidence that as a careful driver, and careful of his own safety, and careful of the property of which he had charge, at that time he ought not to have taken the chances of going over the hole, then he cannot recover.    In this action, however, it is the duty of the jury to consider the fact that at that particular time the hole was filled with water, and that is a fact which the jury must consider; but it is not possible in the nature of things

that any one passing over a hole filled with water could not understand its depth or danger. If an ordinarily careful driver would reasonably infer from the fact of the water being there that it was dangerous to go over, he was negligent, otherwise he would not be guilty of negligence.

If there was nothing to indicate to him that the hole was dangerous, then he had the right to take the chances of crossing and running alongside of it, just as he might think proper. He would only be guilty of contributory negligence if he did that which an ordinarily skillful driver would not have done.] [2]

[So far as the Traction Company is concerned, whether it is negligent or not depends upon the circumstances of the particular locality, and not the character of this depression or hole. It appears from the evidence that it was some four or five feet in length and one foot in width and one foot in depth. It was alongside of their rail, and presumably caused by reason of their rail being in that particular place.

It is in evidence that this continued some two months. Of course the Traction Company was using this railway every day, and its officers and employees passed over this particular locality every day a number of times, and a number of times at night. Now, first of all, the jury are to determine from that evidence the fact that this existed there two months, and that they passed over it repeatedly every day; the jury are, first of all, to pass upon the fact as to whether the railroad company knew it was there; or, in other words, were they bound to know it was there from the fact that they used the railway and passed over this particular hole many times? If the jury find from the evidence that it was their duty to know that it was there, then the questions arise whether the hole was dangerous to those who were traveling over it, and whether they were bound to know that it was dangerous. If the jury come to the conclusion that they, the Traction Company, knew that it was there, and that it was dangerous, then it was negligence in the Traction Company to allow that hole to remain there, and the company would be liable for all the consequences which arose from the fact of the hole being there.] [3]

[The question as to whether the city of Philadelphia is liable is an entirely different one. The city is bound to keep the highways in a reasonably good condition for ordinary travel. If it

be a paved street in the heart of the city, that is a matter for the jury to consider and understand in arriving at the duty of the city. If it be in the outskirts of the city—an unpaved street—the jury may very well consider that the duty of the city in regard to that street was entirely different from its duty in regard to a street at Broad and Market or Fifteenth and Chestnut or any such place. So that the jury, in arriving at the responsibility of the city, must carefully consider the locality and road, and especially the injury complained of.] [4]

Verdict and judgment for plaintiff for $6,000. The street railway company appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions ; (2–4) above instructions, quoting them.

*J. Howard Gendell, Dallas Sanders* with him, for appellant. —The only way by which a jury of persons residing in a city of paved streets can obtain a proper idea of the place is to compare it with other similar roads, both as to its general condition and as to the specific place in which it is said to have been out of order. To say that the negligence, if any, consists in permitting a rut of "that kind" to exist, is begging the question whether "a rut of that kind" is of an unusual kind, the existence of which shows negligence.

A man who tests a known danger, or a danger which he ought to know, does so at his own risk: Forks Township v. King, 84 Pa. 230 ; City of Erie v. Magil, 101 Pa. 616 ; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306 ; Crescent Township v. Anderson, 114 Pa. 643 ; Brendlinger v. New Hanover Township, 148 Pa. 93 ; Hill v. Township of Tionesta, 146 Pa. 11 : Lynch v. Erie City, 151 Pa. 380 ; Haven v. Pittsburg & Allegheny Bridge Co., 151 Pa. 620 ; Mueller v. Ross Township, 152 Pa. 399 ; Winner v. Oakland Township, 158 Pa. 405.

Appellant is not subject to the ordinance of 1859, and even if its terms had applied, an ordinance is not law, and it is now settled that no private right of action grows out of a failure to comply with its provisions: Phila. & Reading R. R. v. Ervin, 89 Pa. 71 ; Phila. & Read. R. R. v. Boyer, 97 Pa. 91.

*A. S. L. Shields,* for appellee.—The question ruled out by the learned court below, which is the subject of the first assign-

ment of error, was incompetent and inadmissible : Bailey v. R. R., 107 Mass. 496 ; Magee v. Troy, 48 Hun, 383.

The evidence as to contributory negligence was conflicting and inferential, and therefore for the jury, to whom it was properly submitted : Easton v. Neff, 102 Pa. 474 ; Altoona v. Lotz, 114 Pa. 238 ; Merriman v. Phillipsburg, 158 Pa. 78 ; Gray v. Scott, 66 Pa. 345 ; R. R. v. Jones, 128 Pa. 308 ; Baker v. Gas Co., 157 Pa. 593 ; Dalton v. Twp, 137 Pa. 18 ; Ry. v. Taylor, 104 Pa. 306 ; Hill v. Township, 146 Pa. 11 ; Mueller v. Twp., 152 Pa. 399 ; Winner v. Twp., 158 Pa. 405 ; Shaw v. Phila., 159 Pa. 506.

Under the circumstances of this case it was the duty of the Traction Company, whether by charter, by statute, by municipal ordinances, or by the common law, to keep this city street, at least in the immediate vicinity of its tracks, free from such a serious and dangerous excavation, and for its negligence in this regard it became justly liable to the plaintiff : Act of November 22, 1873, P. L. (1874) 444 ; Phila. v. Spring Garden Market Co., 161 Pa. 522 ; Booth on Street Railways, 243 ; Memphis, etc. R. R. v. State, 87 Tenn. 746 ; Worster v. 42d. St. Ry., 50 N. Y. 203 ; Fash v. R. R., 1 Daly, 148 ; Cumberland, etc. R. R. v. Hughes, 11 Pa. 141 ; Rockwell v. R. R., 64 Barb. 438 ; Cline v. R. R., 41 La. Ann. 1031 ; People v. R. R., 67 Ill. 118 ; Elliott's Roads & Streets, 591 ; Harrisburg & Ry. Co., 1 Pearson, 298.

The evidence clearly establishes that the negligence which caused the plaintiff's injury was that of the Traction Company and not the city. The liability of the two defendants respectively depended upon different principles, and the distinction was correctly pointed out in the charge, therefore the Traction Company has no right to object.

PER CURIAM, May 25, 1896 :

This case depended on questions of fact which were clearly for the exclusive determination of the jury; and they were accordingly submitted to them by the learned trial judge with instructions that appear to be fully adequate and free from substantial error. The verdict in plaintiff's favor necessarily implies a finding of the controlling facts on which his right to recover depended, viz : that defendant company's negligence in

permitting the highway alongside of its tracks to remain in an unsafe and dangerous condition was the proximate cause of plaintiff's injury, and that he was not shown to have been guilty of any negligence that contributed thereto.    These facts were so clearly shown that it was impossible for the jury to have found otherwise than they did, without practically ignoring the manifest weight of the testimony and disregarding the instructions of the court.

There appears to be no error in the ruling complained of in the first specification.    The objection to the question propounded to the witness, then on the stand, was rightly sustained.    Nor do we think there is any error in either of the excerpts, from the learned judge's charge, quoted in the remaining specifications.    We find nothing in either of them that requires special notice.    The case was carefully and correctly tried and the judgment entered on the verdict should not be disturbed.

Judgment affirmed.