LAREDO ELECTRIC AND RAILWAY COMPANY v. A. C. HAMILTON.

Decided April 18, 1900.

1. Street Railroad—Duty to Keep Roadbed in Repair.

The duty of a street railway company to keep in repair that portion of the streets occupied by its track is a general one, requiring no legislative act, direct agreement, or charter stipulation to support it, and the company's duty to use reasonable care and diligence to keep its roadbed, to the end of its crossties, in a safe condition for ordinary travel across it, or longitudinally upon it, is not released by the fact that the city has not, in granting the franchise, or by ordinance, imposed terms and conditions requiring a discharge of the duty.

2. Same—Rights of Bicycle as a Vehicle.

A bicycle is regarded in law as a vehicle, in relation to its use on the highway, entitled to the same privileges and subject to the same burdens as other vehicles, and its rider may recover for injuries sustained by reason of failure to keep the street safe and convenient for ordinary travel.

3. Same—Charge of Court.

A charge that if there was a hole in the top of the culvert where the street car

track crossed it, and the defendant company was negligent in failing to repair it, and that plaintiff (who was riding a bicycle), without negligence on his part, was injured by falling into the hole, then the jury should find for plaintiff, is not subject to the objection that it tells the jury that the hole was dangerous, or that defendant was bound to make such repairs as would put the culvert in a condition of absolute safety for a bicycle.

**4.  Same.**

A charge that if the jury believed that defendant knew of the hole in the planking over the culvert, or by exercising ordinary care could have known of it in time to have repaired it, by the exercise of ordinary diligence, before plaintiff's injury, and also believed that defendant's failure to repair was negligence on its part, and that plaintiff was not guilty of negligence, then they should find for plaintiff, does not assume that the hole was not in a reasonably safe condition, and that it was defendant's duty to place the hole in a safe, instead of a reasonably safe, condition.

APPEAL from Webb.  Tried below before Hon. A. L. McLANE.

*J. O. Nicholson,* for appellant.

*Thos. W. Dodd* and *J. F. Mullaly,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against the appellant to recover $5000 actual and $5000 exemplary damages for personal injuries alleged to have been sustained by him from a fall occasioned by a defective culvert on the line of appellant's street railway constructed along one of the streets of the city of Laredo.

The petition of appellee alleges in substance that while he was riding on his bicycle on the tract of appellant's railway on a dark night, in a careful manner, and in ignorance of the alleged defective condition of said culvert, he was thrown from his bicycle by reason of the front wheel thereof running into a hole, and that in his fall he was severely injured, among other injuries his jawbone being fractured.  That a plank in the covering of the culvert had been broken, and appellant had negligently failed to repair the same; that it was appellant's duty to exercise reasonable diligence to keep the same in repair so as not to imperil the safety of persons and vehicles passing over it.

The appellant answered by general and special exceptions, a general denial, a special plea, wherein it alleged that the culvert was over and across the surface-water drain or ditch in and across Convent Avenue, which ditch was constructed by the city of Laredo, and was in existence at the time, of and long prior to the construction of its railway along said street; that the city of Laredo is a municipal corporation incorporated under the laws of Texas, with full power, authority, and control of the streets and avenues therein; that by the terms of the franchise under which the street railway was constructed and operated along the streets of said city, it was not obligated to keep said culvert in repair.  That the ditch under the culvert where plaintiff alleged he re-·ceived his injuries was similar in construction and dimensions to other ways for surface water which existed in the principal streets of said

city, and that the same as well as others were reasonably safe for the passage of persons and ordinary vehicles where such persons and the drivers of such vehicles exercised ordinary care in crossing the same, but that it required a higher degree of care from a person riding a bicycle than is required of persons walking or riding or driving in ordinary carriages, buggies, wagons, and other like vehicles drawn or propelled by animals, in order to avoid the overturning or falling thereof, and that appellee was not exercising that degree of care required of a person riding a bicycle, and that it was because of his failure to exercise such care that he received his injuries.

The exceptions of appellant to appellee's petition were overruled, and a special exception to that part of appellant's answer wherein it is plead that by the terms of the franchise under which its railway was constructed and operated on said street or avenue it was not obligated to keep said culvert in repair, was sustained by the court.

The case was tried before a jury, and the trial resulted in a verdict in favor of appellee for $2000 actual and $500 exemplary damages. A remittitur was entered by appellee as to the exemplary damages, and from the judgment against it for the actual damages the railway company has appealed.

*Conclusions of Fact.*—At about 8 or 9 o'clock on the evening of February 16, 1899, when appellee was riding on a bicycle along Convent Street, between the rails of appellant's railway constructed along said street, he ran into a hole of a culvert, which hole was about seven inches wide, two feet long, and ten inches deep, and was caused by a broken plank which was a part of the covering of the culvert, placed over it by appellant when it constructed its railway, and was thereby thrown from his bicycle against the ground, and sustained serious and painful physical injuries, among such injuries his left jaw being fractured. The appellant negligently failed to repair that portion of the street upon which its road was constructed where the accident occurred. It knew, or by the exercise of ordinary care could have known, of the broken plank over the culvert, and it was guilty of negligence in failing to repair it, and such negligence, unaided by any negligence of appellee contributing thereto, was the proximate cause of his injury.

*Conclusions of Law.*—Under the assignments of error which complain of the court's overruling its special exceptions to appellee's petition and sustaining the special exception to a part of its answer, the appellant asserts these propositions:

"1.   The allegations of the petition showing that the alleged culvert was across a drain or ditch in a public street of the city of Laredo, and that same had existed there for several years, the onus was on the pleader to show by affirmative allegations that the street railway company had entered into a contract with said city whereby it had obligated itself, or become bound, to keep the culvert in repair.

"2. There not being any statute of the State of Texas making it the duty of the street railway company to keep the alleged culvert in repair, and the city of Laredo being vested by law with the exclusive authority and control over its streets, the presumption of law is, that the city alone, if anyone, is liable to appellant for injuries received by reason of the alleged defective culvert in one of its public streets, and in order to hold the street railway company liable, the onus was on appellant to show such liability by specific allegations of fact.

"3. Under the statutes of Texas, the city of Laredo has the exclusive authority and control over its streets, the ditches and drains therein, and in the absence of any allegations of an agreement by the street railway company with or obligation to the city to keep such portion of such drains as are crossed by the track of said railway in repair, the petition of appellant was amenable to each of the special exceptions."

To them the appellee makes the following counter-propositions:

"1. The duty of a street railway company to repair the streets which it occupies, or more definitely, that portion of the streets upon which its tracks are laid, is a general one, requiring no legislative act or direct agreement to support it, and such a company is bound to use reasonable care and diligence to keep the space which it actually occupies in a safe condition for ordinary travel,—failing in which, it must answer for the consequences.

"2. A street railway company is bound to keep its entire roadbed, to the end of its ties and its crossings, in repair, so as not to obstruct travel across its road, or longitudinally upon it, and this duty is a continuing one, irrespective of whether the charter expressly requires it or not.

"3. The fact that the city of Laredo may have authorized defendant company to erect poles, stretch wires, and lay rails, ties, etc., on the streets and plazas of the city, without imposing terms and conditions by ordinance or by contract, does not discharge defendant from the duties it owes to the public; nor does the fact that the plaintiff may have had a cause of action against the city relieve the company from responsibility for the condition of its line."

The first two counter-propositions are sustained by the following authorities: 1 Am. and Eng. Ry. Cas. (N. S.), note on page 292, and authorities there cited: Boothe, St. Ry. Law, secs. 243, 250; McLaughlin v. Traction Co., 34 Atl. Rep., 863; Railway v. Medlenka, 17 Texas Civ. App., 621. And the third by the following: Railway v. Delesdernier, 84 Texas, 82.

We believe that the law applicable to the exceptions raised by these assignments is correctly stated in the counter-propositions quoted from appellee's brief, and therefore hold that the assignments are not well taken.

From this it follows that the assignments of error which complain that the court erred in instructing the jury, "that it is the duty of a street railway company to repair that portion of the street upon which its

tracks are laid; and that it is bound to use reasonable care and diligence to keep the space which it actually occupies in a safe condition for ordinary travel," can not be sustained. Municipal corporations are bound to use reasonable skill and diligence in making the streets and sidewalks safe and convenient for travel. Shelly v. City of Austin, 74 Texas, 614. Where the roadbed of a street railway company is constructed in the streets of the city, the railway company must use the same skill and diligence as to the part of the street occupied by its road. In legal contemplation the bicycle is to be regarded as a vehicle in relation to its use on the highway, and it is entitled to the same privileges and subject to the same burdens as other vehicles. Macomber v. Nichols, 34 Mich., 212; Swift v. City of Topeka, 43 Kan., 671; Thompson v. Dodge, 60 N. W. Rep., 545; Holland v. Bartch, 120 Ind., 46. If a bicyclist, while riding his wheel on a street where such vehicles are commonly used, as the evidence in this case shows Convent Street was, is injured by being thrown from his bicycle on account of a defect in the street, and such defect was caused by the failure of the city or party upon whom the obligation rests to use reasonable care and diligence in keeping the street safe and convenient for ordinary travel, the city or party upon whom such duty rests is responsible in damages to such bicyclist for any injury sustained by him.

In its charge the court instructed the jury that, "if there was a hole in the top of the culvert, as alleged, and that the defendant was negligent in failing to repair it, and that plaintiff, without negligence on his part, was injured by falling into the hole, then you will find for plaintiff, and allow him such damages as the proof may show he has sustained, if any." The contention of appellant, that the effect of this paragraph of the charge was to tell the jury that the hole was dangerous, can not be maintained. It proved to be dangerous to the appellee, but the court did not intimate in its charge that it was, but left it to the jury to determine (1) whether there was a hole in the top of the culvert; (2) whether appellant was negligent in failing to repair it; and (3) whether appellee, without negligence on his part, was injured by falling into it. Nor does it instruct the jury, as is urged by appellant, that the street railway company was bound to make such repairs as would put the culvert in a condition of absolute safety for a bicycle. If it were the duty of the appellant to use reasonable care and diligence to keep that part of the street upon which its road was constructed in a safe condition for ordinary travel, and it failed to discharge this duty, and on account of such failure the appellee was injured while riding along the street on a vehicle such as was ordinarily used for travel thereon, it would be liable for his injuries, if he were not guilty of contributory negligence, whether such vehicle was a wagon, carriage, bicycle, or other in ordinary use.

The court, at the request of appellee, instructed the jury that if they believed from the evidence that defendant knew of the existence of the hole in the planking, or by the exercise of ordinary care could have known

of it in time to have repaired it by exercising ordinary diligence, before plaintiff's injury, and if they also believed that defendant's failure to so repair was negligence on its part, to find for plaintiff, unless they should believe from the evidence that he was guilty of negligence without which his injury would not have happened. The appellant claims that this charge was error, (1) in that it is on the weight of evidence in assuming that the hole was not in a reasonably safe condition; (2) in that it assumes that it was the duty of defendant to place the hole in a safe, instead of a reasonably safe, condition. The charge says nothing about the hole as to its condition of safety, and assumes nothing as to such condition. But if it had assumed that the street along appellant's roadway was unsafe by reason of it, the undisputed facts would have fully warranted such assumption, for it can not be denied that a hole of the nature and character of the one shown by the evidence, along a much used public thoroughfare, was not reasonably safe for ordinary travel. The failure of appellant to repair such defect in the street was undisputed. As to whether such failure on its part was negligence was a question of fact left by the charge for the determination of the jury.

The appellant requested the court to charge the jury that if they believed from the evidence that the ditch or passage for the drainage of surface water was constructed by the city of Laredo, and was in existence at the time of the construction of the street railway of defendant along Convent Avenue, and that defendant covered the same with plank, and that it had not by express contract with the city of Laredo bound itself to keep said covering in a reasonably safe condition for the passage of persons or vehicles, to find for defendant. The refusal to give this charge is assigned as error. The third counter-proposition of appellee to preceding assignments of error, herein quoted and held by us to be the law, is in antagonism with the principles announced in the rejected charge.

The remittitur by appellee of the $500 found by the jury as exemplary damages cures the error in the verdict as to that finding. In our opinion the judgment is fully sustained by the law and the evidence, and is therefore affirmed.

*Affirmed.*

Writ of error refused.