CITY OF ST. PAUL v. ST. PAUL CITY RAILWAY COMPANY.[1]

July 15, 1904.

Nos. 13,828—(135).

**City Ordinance—Street Railway.**

Under the terms of an ordinance of the city of St. Paul, defendant was permitted to build its street railway tracks over the Rice Street Bridge, and to operate its cars thereon, upon condition that it was to indemnify the city for recoveries against it from injuries received by persons using the adjacent highway. The ordinance was accepted by defendant, and thereafter a lady was thrown from a carriage by reason of defects in maintaining the portion of the highway occupied by the tracks, for which she recovered from the city. *Held*, in an action for the indemnity provided for in the ordinance, that defendant was liable upon findings of the trial court supported by the evidence.

[1] Reported in 100 N. W. 472.

**Failure to Repair.**

> Whether the requirement of the defendant company by the city to construct the tracks in a certain manner relieved the defendant was not involved in this case, as it had adapted itself to the demands of the municipality, and the claim for indemnity arose from failure to repair, rather than in the construction thereof under findings of the court.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff for $1,123.02, entered pursuant to the findings and order of Brill, J. Affirmed.

*Munn & Thygeson,* for appellant.

*J. C. Michael* and *L. R. Frankel,* for respondent.

The defect upon which the action is based was not a defect of construction, but a defect of repair. Appellant would be liable therefor at common law in the absence of any ordinance, and is certainly liable under the provisions found in sections 9 and 21 of Ordinance No. 1227. While it may be true that appellant had no right to change the girders, beams, trestle or other permanent parts of a steel bridge, it clearly had not only the right, but also the duty of keeping the expansion plates within its rails in repair. Booth, St. Ry. Law, § 253; Laredo v. Hamilton, 23 Tex. Civ. App. 480; Doyle v. City (N. Y.) 58 App. Div. 588.

LOVELY, J.

This action is to recover of defendant the amount of a judgment previously rendered against the city of St. Paul for an injury received by a person on one of the public streets therein, which had been paid, under the claim that the street car company was obligated to indemnify the plaintiff by the terms of one of its ordinances. The case was tried to the court, findings of fact were made, upon which a judgment was ordered in favor of the plaintiff for the amount claimed, judgment was entered, and defendant appeals therefrom.

There is no doubt that the findings of fact are sustained by the evidence, and, under the assignments of error, the only question that we can here consider is whether legal liability of the defendant is established as a matter of law.

The Rice Street Bridge, in the city of St. Paul, was originally built by the Great Northern Railway Company over its railway tracks ac-

cording to plans and specifications approved by the city engineer, under permission of the municipality.. Afterwards defendant was authorized to operate a street car line over this bridge by an ordinance (No. 1227) granting the street car company, upon certain conditions, the right to use the same for that purpose, among which was a provision requiring the company to make repairs when ordered by the city authorities, with several restrictions upon the operation of the line. Section 21 is as follows:

> The said St. Paul City Railway Company, its successors and assigns, shall be liable to said city for all damages, expenditures, liabilities and costs which may be incurred by said city by reason of the construction or maintenance of said lines of railway, or any part thereof, or the operation thereof, or by reason of the rights hereby granted to said company, and said company, its successors and assigns shall fully indemnify and save harmless said city for all such damages, expenditures, loss and costs which may be so incurred. The Saint Paul City Railway Company shall before the commencement of the construction of said lines of railway, execute a bond to the city of St. Paul, in the penal sum of $100,000, to be approved by the corporation attorney of said city, conditioned that the said company will faithfully observe and properly carry out all the provisions of this ordinance, and that it will forever indemnify and save harmless the said city of St. Paul against and from all damages, judgments, decrees, costs and expenses, which it the said city of St. Paul, may suffer or which may be recovered against it for or by reason of, or growing out of, or in any manner resulting from the passage of this ordinance, or anything connected therewith, or with the exercise by said company of the rights, powers, and privileges hereby granted and conferred, or from any act or acts of the said company under or by virtue of the provisions hereof.

While this ordinance was in force, and defendant was operating its street cars on two parallel lines laid thereon, a set of steel expansion plates were necessarily placed and maintained between the rails crossing the same, and extended two feet on either. side, but had become loose and out of repair. They were bent and turned upwards to a

space of four inches above the level of the roadway of the bridge, rendering travel thereon dangerous and unsafe to persons in vehicles who were using the bridge.  One Catherine Coveny, while exercising ordinary care in driving a carriage over the same, was, by reason of such carriage being caught in the bent expansion plate, thrown therefrom and injured.  She thereafter brought an action against the city of St. Paul for the damages she claims to have sustained.  The defendant was notified to appear and defend, but did not do so.  The city defended, and, as the result of the action, Mrs. Coveny was awarded damages, which were paid, and the city asks in this action the enforcement of the provision for indemnity authorized in section 21, above quoted.

The bridge was made of steel, and at the end where it meets the approach thereto there was placed in building by the Great Northern Railway Company, as part thereof, a thin steel plate, some inches in width, known as an "expansion plate," used to cover the space between the bridge and its approach to accommodate its expansion and contraction.  This plate was bolted down.  The bridge was built to replace a former bridge in the same place, upon which the tracks of the defendant's street railway were laid.  On the final completion of the bridge, defendant laid upon it a double line of tracks, occupying the center space of the bridge, when the roadway was thereupon paved by the city, but the pavement did not cover the expansion plate.  Similar plates are ordinarily used in the construction of steel bridges, usually of one piece, but the plate was divided in this instance into five pieces or sections.  This division was made necessary by the use of the bridge by defendant for its tracks.  It further appears that defendant at all the material times had notice of the defects which rendered the bridge dangerous and unsafe, and that, while it did not appear how the loosening and bending of the expansion plate occurred, it was to be fairly inferred from the circumstances and situation that it was through the public travel upon and over said bridge, and that the defective condition referred to would not have existed, except for the fact that the iron plates were laid in pieces or sections, which was made necessary by the use of the bridge by defendant.  The facts above stated were found by the trial court, and, in giving effect to the ordinance, and the obligation therein imposed to indemnify the city, the court held that

the defendant was liable to pay the amount recovered in the judgment of Mrs. Coveny against the city.

Questions were discussed on the argument and in the briefs as to the relative liability of the city and company, arising from mutual duties to construct the bridge; it being claimed that the expansion plates referred to were rendered necessary as an obligation incurred in construction by the city, as distinctive from that of the maintenance of a highway, and that the street car company should not be liable for the defects and neglects of the city itself in the structural defects created under the original requirement of the city in laying the tracks, which it is claimed, from certain evidence, was the condition in this case. Whether this would be so we need not determine, for, under the findings of the court, the duty neglected was to repair and keep in condition the portion of the roadway at the place, which was clearly imposed, and does not necessarily involve the question of construction. We have no doubt that the findings were amply supported, and that the obligations were contractual, for the failure to repair, to the extent of a liability for the amount of the judgment secured by Mrs. Coveny against defendant, in favor of the city. The street car company had adapted itself, in its use of the streets, to the conditions imposed by the city, and, under the clear terms of the provisions of the ordinance referred to, was bound to keep the place of the accident in repair. It failed to do so, and the accident which arose was one of repair, rather than construction. Booth, St. R., 253; Elliott. Roads & S. (2d Ed.) 998; Laredo v. Hamilton, 23 Tex. Civ. App. 480, 56 S. W. 998; Doyle v. City, 58 App. Div. 588, 69 N. Y. Supp. 120.

The proper notice had been given to the street car company. It left the conduct of the suit to the plaintiff, which defended it with proper degree of care to protect the rights of defendant therein, and the judgment is affirmed.

Judgment affirmed.