258 Minn. 368 (1960)
104 N.W. (2d) 843
EILEEN HENDRICKSON, TRUSTEE FOR HEIRS OF CLAYTON HENDRICKSON,
v.
MINNESOTA POWER & LIGHT COMPANY.
EDWARD GABRIELSON, THIRD-PARTY DEFENDANT.
No. 37,845.
Supreme Court of Minnesota.
July 8, 1960.
*369 Edward T. Fride, Gilbert W. Harries, and Nye, Montague, Sullivan & McMillan, for appellant.
Manthey, Manthey, O'Leary & Trenti, for respondent.
LOEVINGER, JUSTICE.
Plaintiff's decedent was killed by contact with high-voltage electric power lines while engaged in moving a house in the scope of his employment by third-party defendant Gabrielson. Prior to the accident, Gabrielson had made arrangements with appellant power company for two employees of the latter to assist in the moving operation by deenergizing the power lines in the path of the house. The house had passed two sets of power lines successfully. The power company's employees waited by these lines while Gabrielson moved the house ahead and around a corner. The house was then moved under a third set of power lines, at which time the accident occurred.
Decedent's dependents recovered workmen's compensation payments from the employer Gabrielson, and then plaintiff brought this suit under the wrongful-death act against the power company, which brought in Gabrielson as a third-party defendant. At the conclusion of plaintiff's case the power company rested without offering any evidence, and Gabrielson moved to dismiss the action against him. This motion was granted; and the case was then submitted to the jury which returned a verdict in favor of plaintiff against the power company. The power company has appealed the dismissal of its claim against Gabrielson. This appeal does not challenge the verdict for plaintiff but raises issues relating only to the right of the power company to recover *370 contribution or indemnity from third-party defendant Gabrielson.
The principles governing contribution and indemnity are similar both in origin and in character. In modern law these principles comprise the subject that is treated under the general title of restitution. The principles of restitution are derived from the old common-law actions of general assumpsit and those which we now call quasi-contract and from the equitable principles of unjust enrichment.[1] The basis of the right to restitution is the belief that men should restore what comes to them by mistake or at another's expense, and that it is unfair to retain a benefit or advantage which should belong to another.[2] This statement is, however, merely a generalization of the more specific principles underlying the subject. Like most such generalizations, this is too vague to be of much assistance in the determination of specific cases. Although both contribution and indemnity rest upon this common concept, they are significantly different in specific application.
Contribution is the remedy securing the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable the proportionate share which the other should pay or bear.[3] Contribution rests upon principles of equity.[4] Indemnity is the remedy securing the right of a person to recover reimbursement from another for the discharge of a liability which, as between himself and the other, should have been discharged by the other.[5] Indemnity is generally said to rest upon contract, either express or implied.[6] However, there are numerous exceptions and *371 situations in which a contract is implied by law,[7] and contract, therefore, seems to furnish too narrow a basis. In the modern view, principles of equity furnish a more satisfactory basis for indemnity.[8]
Contribution and indemnity are variant remedies used when required by judicial ideas of fairness to secure restitution. Although similar in nature and origin and having a common basis in equitable principles, they differ in the kind and measure of relief provided. Contribution requires the parties to share the liability or burden, whereas indemnity requires one party to reimburse the other entirely.[9] Differing thus in their effect, these remedies are properly applicable in different situations. Contribution is appropriate where there is a common liability among the parties, whereas indemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties.
At common law joint or concurrent tortfeasors had no right as against each other to secure either contribution[10] or indemnity.[11] *372 However, Minnesota, and a growing minority of other states, have extended the right of contribution to joint tortfeasors by common law in cases where the one seeking contribution was not guilty of intentional wrong.[12] The basis for contribution, nevertheless, remains the fact that there was a common liability, and that one has discharged more than his just share.[13] Accordingly, a person who discharges a liability for a tort cannot recover contribution from a joint tortfeasor who is immune from action with respect to such tort because of some personal defense.[14] The right does not exist in such circumstances because there is no common liability.
Although the modern view, prevailing in this state, does not preclude indemnity among joint tortfeasors, the situations in which it is allowed are exceptional and limited.[15] A joint tortfeasor may generally recover indemnity only in the following situations:
(1) Where the one seeking indemnity has only a derivative or vicarious liability for damage caused by the one sought to be charged.[16]
(2) Where the one seeking indemnity has incurred liability by action *373 at the direction, in the interest of, and in reliance upon the one sought to be charged.[17]
(3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.[18]
(4) Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged.[19]
(5) Where there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved.[20]
Many cases suggest that indemnity is granted where there is a great *374 disparity in the degree of fault of the parties.[21] This may be a satisfactory rationalization of the results. However, this court has not relied upon such rationale, and the Minnesota cases are equally explicable by the more specific principles stated above.
It is argued on behalf of defendant Gabrielson that having paid workmen's compensation benefits to dependents of decedent he is exonerated by the Workmen's Compensation Act from liability to any other person arising out of the injury or death of his employee.[22] However, this court has long held that the Workmen's Compensation Act is intended to control only the rights between employer and employee and does not by its terms prevent contribution or indemnity where appropriate.[23] This also seems to be the general rule.[24] Nevertheless, the act does affect the right to contribution where the concurrent negligence of the employer and a third party causes injury to an employee. Since workmen's compensation statutes provide that the obligations thereunder are the only liability of the employer to the employee, or his representatives, there is no common liability involving *375 the employer and third party in such situations; and, therefore, there is no ground for allowing contribution.[25]
Apparently recognizing this difficulty, the power company here urges its right to indemnity. It argues that there was an express agreement, constituting a contract, by which Gabrielson undertook a duty to use due care, and that this agreement implies an obligation to indemnify for any damages resulting from a breach of this duty. Whether or not an express agreement to use due care necessarily implies an undertaking to indemnify for all damages resulting in whole or in part from a breach of that duty in circumstances such as those involved here, we need not now decide. By granting defendant Gabrielson's motion for dismissal at the close of the case, the court below held that there was no evidence to support a finding of an express contract.[26] We agree with this conclusion.
*376 Defendant power company also argues that the Workmen's Compensation Act does not preclude its recovery of indemnity and cites numerous cases in which a third-party tortfeasor has been permitted to recover indemnity from an employer for sums paid on account of the injury or death of an employee. As already noted, the Workmen's Compensation Act of this state does not preclude the recovery of indemnity from an employer by a third party.[27] However, the circumstances must be such as to require the granting of indemnity under the principles discussed above.
One of the leading cases cited and relied upon by the power company to sustain its right to indemnity is Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp. 350 U.S. 124, 76 S. Ct. 232, 100 L. ed. 133. In that case an employee of a stevedoring company was injured while unloading a ship in the course of his employer's work. The employee recovered from the shipowner on the grounds that his injury was due to the shipowner's negligence. The shipowner filed a third-party complaint against the employer stevedoring company. The United States Supreme Court held, in a 5-to-4 decision, that the shipowner was entitled to indemnity from the stevedoring company. The court said that this was founded on the violation by the stevedoring company of its contractual obligation to the shipowner to perform its work properly and was not based on any duty owed by the stevedoring company to its employees.
There are a large number of cases substantially similar to the Ryan case and reaching the same result on the same theory.[28] Although *377 the greater number of these cases appears to involve stevedores or longshoremen, the same principles are applicable to other categories of employment. Thus, there are similar cases involving a common carrier by truck,[29] a window-washing contractor,[30] a painting contractor,[31] a roofing contractor and crane company,[32] and others in varying but analogous positions.[33]
Although the language of the opinions is sometimes confusing and is not altogether consistent among the cases in this field,[34] the cases principally cited and relied upon by the power company here fall within the category of those allowing indemnity where liability has been incurred because of a breach of duty owed to the one seeking indemnity by the one sought to be charged. This is a conventional situation for indemnity.[35] However, the facts here are the converse of those involved in these precedents. This may be clarified by analysis *378 of the relations of the parties. In the cases allowing indemnity, A has engaged B to perform work for him. An employee of B's has been injured by the concurrent negligence of A and B. The employee recovers damages from A. Thereupon A has secured indemnity from B on the grounds that the injury to the employee, and therefore the liability of A, arose from B's breach of a duty to perform work for A in a proper manner. In the present case, A is Gabrielson who has engaged B, the power company, to work for him. It is assumed that the evidence would support a finding that both A and B were negligent here and thus caused the employee's death. However, the employee here was employed by A, who owed no duty to B arising out of their relationship.
It is significant that in a stevedoring case, similar to those relied upon by the power company but where the injury to the employee did not arise from a breach of duty owed by the stevedore employer to the shipowner, the shipowner was denied indemnity.[36] The case most nearly analogous to the present one is American Dist. Tel. Co. v. Kittleson (8 Cir.) 179 F. (2d) 946. There A engaged B to make repairs in A's plant. An employee of B fell through a skylight in the roof of the plant injuring an employee of A. The employee of A recovered from B, who filed a third-party complaint against A for indemnity. B alleged that the accident was caused by the negligence of A in allowing dirt and dust to accumulate on the skylight so that its character was not discernible and it did not differ from the rest of the roof in appearance, and in failing to warn B or its employees of this hazard. The district court dismissed this complaint; the court of appeals reversed and remanded for trial. The decision represents a holding that indemnity is allowable when liability arises from the mere failure to discover the negligence of another. This is consistent with our prior decisions.
In the present case the facts do not bring appellant power company's claim for indemnity within any of the categories established by the precedents permitting such recovery between concurrent tortfeasors. *379 The district court was, therefore, correct in dismissing appellant's suit against the third-party defendant.
Affirmed.
NOTES
[1] Restatement, Restitution, part 1; 5 Pound, Jurisprudence, p. 242, et seq.
[2] Restatement, Restitution, § 1; 5 Pound, Jurisprudence, pp. 242, 253.
[3] Parten v. First Nat. Bank & Trust Co. 204 Minn. 200, 207, 283 N.W. 408, 412, 120 A.L.R. 862; Merrimac Min. Co. v. Gross, 216 Minn. 244, 248 to 249, 12 N.W. (2d) 506, 509; Restatement, Restitution, § 81; 13 Am. Jur., Contribution, § 3.
[4] Merrimac Min. Co. v. Gross, 216 Minn. 244, 12 N.W. (2d) 506; Parten v. First Nat. Bank & Trust Co. 204 Minn. 200, 283 N.W. 408, 120 A.L.R. 862; 13 Am. Jur., Contribution, § 3; 18 C.J.S., Contribution, § 2.
[5] Restatement, Restitution, § 76; Hanson v. Bailey, 249 Minn. 495, 83 N.W. (2d) 252.
[6] 27 Am. Jur., Indemnity, § 2; 42 C.J.S., Indemnity, § 2.
[7] 27 Am. Jur., Indemnity, § 16, et seq.; 42 C.J.S., Indemnity, § 20, et seq.
[8] Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N.W. 766 (however, the statement in this opinion that the thing giving rise to liability in cases of both contribution and indemnity is an original common liability appears to be erroneous); United States v. Savage Truck Line (4 Cir.) 209 F. (2d) 442, 44 A.L.R. (2d) 984.
[9] Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N.W. 766; Hanson v. Bailey, 249 Minn. 495, 505 to 506, 83 N.W. (2d) 252, 260.
[10] Halcyon Lines v. Haenn Ship C. & R. Corp. 342 U.S. 282, 72 S. Ct. 277, 96 L. ed. 318; Best v. Yerkes, 247 Iowa 800, 77 N.W. (2d) 23, 60 A.L.R. (2d) 1354, with Annotation at 1366; 13 Am. Jur., Contribution, § 37; 18 C.J.S., Contribution, § 11.
[11] Union Stock Yards Co. v. Chicago, B. & Q.R. Co. 196 U.S. 217, 25 S. Ct. 226, 49 L. ed. 453; Duncan v. Judge, 43 Wash. (2d) 836, 264 P. (2d) 865; Hills v. Price (E.D.S.C.) 79 F. Supp. 494; Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A. (2d) 368, 24 A.L.R. (2d) 319; 27 Am. Jur., Indemnity, § 18; 42 C.J.S., Indemnity, § 27; Annotation, 140 A.L.R. 1306. Statutes have changed the common-law rule in many states. See, Annotations, 85 A.L.R. 1091, 122 A.L.R. 520, and 141 A.L.R. 1207. Minnesota has no statute relevant to the issues in this case. Cf. M.S.A. 548.19, 548.20, 548.21; Gustafson v. Johnson, 235 Minn. 358, 371, 51 N.W. (2d) 108, 115 to 116.
[12] Employers Mutual Cas. Co. v. Chicago, St. P.M. & O. Ry. Co. 235 Minn. 304, 50 N.W. (2d) 689; Koenigs v. Travis, 246 Minn. 466, 75 N.W. (2d) 478; Annotation, 60 A.L.R. (2d) 1366, 1377, and cases cited.
[13] Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N.W. 766; Employers Mutual Cas. Co. v. Chicago, St. P.M. & O. Ry. Co. 235 Minn. 304, 50 N.W. (2d) 689.
[14] Koenigs v. Travis, 246 Minn. 466, 75 N.W. (2d) 478; London Guar. & Acc. Co. Ltd. v. Smith, 242 Minn. 211, 64 N.W. (2d) 781; American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N.W. (2d) 847; Yellow Cab Co. v. Dreslin, 86 App. D.C. 327, 181 F. (2d) 626, 19 A.L.R. (2d) 1001, with Annotation at 1003; Bond v. Pittsburgh, 368 Pa. 404, 84 A. (2d) 328; cf. American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N.W. (2d) 397, 142 A.L.R. 722; Zontelli Brothers v. N.P. Ry. Co. (8 Cir.) 263 F. (2d) 194.
[15] Hanson v. Bailey, 249 Minn. 495, 83 N.W. (2d) 252; Contribution and Indemnity Among Tortfeasors in Minnesota, 37 Minn. L. Rev. 470.
[16] Lunderberg v. Bierman, 241 Minn. 349, 63 N.W. (2d) 355, 43 A.L.R. (2d) 865; Hanson v. Bailey, 249 Minn. 495, 83 N.W. (2d) 252; Restatement, Restitution, § 96.
[17] Henderson v. Eckern, 115 Minn. 410, 132 N.W. 715; Hanson v. Bailey, 249 Minn. 495, 83 N.W. (2d) 252; Restatement, Restitution, § 90; cf. Guirney v. St. Paul, M. & M. Ry. Co. 43 Minn. 496, 46 N.W. 78.
[18] Dehn v. S. Brand Coal & Oil Co. 241 Minn. 237, 63 N.W. (2d) 6; Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. 140 Minn. 229, 167 N.W. 800; Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N.W. 698; Hanson v. Bailey, 249 Minn. 495, 83 N.W. (2d) 252; Kahler v. Liberty Mutual Ins. Co. (8 Cir.) 204 F. (2d) 804; Annotation, 140 A.L.R. 1306, and cases cited; Annotation, 38 A.L.R. 566, and cases cited; Restatement, Restitution, § 98.
[19] City of Wabasha v. Southworth, 54 Minn. 79, 55 N.W. 818; Chicago G.W. Ry. Co. v. Casura (8 Cir.) 234 F. (2d) 441; Waylander-Peterson Co. v. G.N. Ry. Co. (8 Cir.) 201 F. (2d) 408, 37 A.L.R. (2d) 1399; Hanson v. Bailey, 249 Minn. 495, 83 N.W. (2d) 252; American Dist. Tel. Co. v. Kittleson (8 Cir.) 179 F. (2d) 946; Southwestern Bell Tel. Co. v. East Texas Public Service Co. (5 Cir.) 48 F. (2d) 23; Standard Oil Co. v. Robins Dry Dock & Repair Co. (2 Cir.) 32 F. (2d) 182; Restatement, Restitution, § § 89, 91, 93, 94, 95, and 97. The Restatement does not recognize the rule in the general form stated; but the sections of the Restatement cited seem to be merely specific instances of the rule as stated.
[20] N.P. Ry. Co. v. Thornton Bros. Co. 206 Minn. 193, 288 N.W. 226; In re Solliday v. St. Paul Union Depot Co. 178 Minn. 219, 226 N.W. 572; City of St. Paul v. St. Paul City Ry. Co. 92 Minn. 516, 100 N.W. 472; Minneapolis-Moline Co. v. Chicago, M. St. P. & P.R. Co. (8 Cir.) 199 F. (2d) 725.
[21] Washington Gas Light Co. v. Dist. of Columbia, 161 U.S. 316, 16 S. Ct. 564, 40 L. ed. 712; Slattery v. Marra Bros. (2 Cir.) 186 F. (2d) 134; United States v. Savage Truck Line (4 Cir.) 209 F. (2d) 442, 44 A.L.R. (2d) 984; Standard Oil Co. v. Robins Dry Dock & Repair Co. (2 Cir.) 32 F. (2d) 182; McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co. (Mo.) 323 S.W. (2d) 788; see, Annotation, 38 A.L.R. 566, and cases cited.
[22] M.S.A. 176.031 provides:

"The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee, his personal representative, surviving spouse, parent, any child, dependent, next of kin, or other person entitled to recover damages on account of such injury or death. * * *"
[23] Thornton Bros. Co. v. Reese, 188 Minn. 5, 246 N.W. 527; Gleason v. Geary, 214 Minn. 499, 8 N.W. (2d) 808; Lunderberg v. Bierman, 241 Minn. 349, 63 N.W. (2d) 355, 43 A.L.R. (2d) 865.
[24] Westchester Lighting Co. v. Westchester County Small Estates Corp. 278 N.Y. 175, 15 N.E. (2d) 567; Baugh v. Rogers, 24 Cal. (2d) 200, 148 P. (2d) 633, 152 A.L.R. 1043; Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp. 350 U.S. 124, 76 S. Ct. 232, 100 L. ed. 133; see, also, 35 Minn. L. Rev. 423.
[25] Employers Mutual Lia. Ins. Co. v. Griffin Const. Co. (Ky.) 280 S.W. (2d) 179, 53 A.L.R. (2d) 967; Wisconsin Power & Light Co. v. Dean, 275 Wis. 236, 81 N.W. (2d) 486; Annotation, 53 A.L.R. (2d) 977, and cases cited.
[26] The entire evidence on this issue consists of the following testimony of defendant Gabrielson. On direct examination he testified as follows:

"Q. Did you contact the Minnesota Power & Light Company in connection with that house-moving job of September 12, 1956?
"A. Yes.
* * * * *
"Q. And did they agree to send out the crew for this move?
"A. Yes.
* * * * *
"Q. (Mr. O'Leary) Was there any other agreement with Minnesota Power & Light?
* * * * *
"A. The only agreement was that they would come out and assist us.
"Q. (Mr. O'Leary) And was that the extent of the agreement?
"A. Yes.
"Q. Did you agree to pay the charges in connection with them coming out?
"A. Yes."
On cross-examination he testified as follows:
"Q. Mr. Gabrielson, you had made this type of contract with the Minnesota Power & Light Company on occasions before the one on which you were moving those houses  right?
"A. Yes.
"Q. And when you entered into relationships with the Minnesota Power & Light Company, you assured them and represented to them that you would use due care in the moving of houses through or under lines, did you not?
"A. Yes."
[27] Lunderberg v. Bierman, 241 Minn. 349, 63 N.W. (2d) 355, 43 A.L.R. (2d) 865; and footnotes 23 and 24, supra.
[28] Crumady v. The J.H. Fisser, 358 U.S. 423, 79 S. Ct. 445, 3 L. ed. (2d) 413; Weyerhaeuser S.S. Co. v. Nacirema Operating Co. 355 U.S. 563, 78 S. Ct. 438, 2 L. ed. (2d) 491; Calmar S.S. Corp. v. Nacirema Operating Co. (4 Cir.) 266 F. (2d) 79; Casbon v. Stockyard S.S. Corp. (E.D. La.) 173 F. Supp. 845; Revel v. American Export Lines (E.D. Va.) 162 F. Supp. 279, affirmed (4 Cir.) 266 F. (2d) 82; Valerio v. American President Lines (S.D.N.Y.) 112 F. Supp. 202.
[29] United States v. Savage Truck Line (4 Cir.) 209 F. (2d) 442, 44 A.L.R. (2d) 984.
[30] Burris v. American Chicle Co. (2 Cir.) 120 F. (2d) 218; San Francisco Unified School Dist. v. California Bldg. Maintenance Co. 162 Cal. App. (2d) 434, 328 P. (2d) 785.
[31] McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co. (Mo.) 323 S.W. (2d) 788, 793.
[32] Whitmarsh v. Durastone Co. (D.R.I.) 122 F. Supp. 806.
[33] Westchester Lighting Co. v. Westchester County Small Estates Corp. 278 N.Y. 175, 15 N.E. (2d) 567; Baugh v. Rogers, 24 Cal. (2d) 200, 148 P. (2d) 633, 152 A.L.R. 1043.
[34] See, McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co. (Mo.) 323 S.W. (2d) 788.
[35] Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. 140 Minn. 229, 167 N.W. 800; Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N.W. 698; and footnote 18, supra. There is some confusion in language in the first case as between contribution and indemnity, but it is clear that the remedy considered by the court is indemnity.
[36] Hagans v. Farrell Lines (3 Cir.) 237 F. (2d) 477.