**HARTFORD ACCIDENT AND INDEM-NITY COMPANY, a Foreign Corporation, Plaintiff,**

v.

**R. HERSCHEL MANUFACTURING CO., a Foreign Corporation, Killberry Industries, Ltd., a Foreign Corporation, Fukoku Company, Ltd., a Foreign Corporation, Dayco Corporation (Ramco Division), a Foreign Corporation and Kaga Industries, Ltd., a Foreign Corporation, Defendants.**

**R. HERSCHEL MANUFACTURING CO., Defendant and Third-Party Plaintiff,**

v.

**DAYTON TIRE & RUBBER CO., Dayco Corporation and Dayco Industries, and Fukoku Company, Ltd., Third-Party Defendants.**

Civ. No. A3–76–72.

United States District Court,
D. North Dakota,
Southeastern Division.

Aug. 7, 1978.

---

1. This Court is not in this posture prepared to collaterally review or revise an existing decree of the Family Court. If Plaintiff is dissatisfied with that decree, he has a remedy.

John Hjellum, Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, N. D., for plaintiff.

Timothy Q. Davies, Nilles, Hansen, Selbo, Magill & Davies, Fargo, N. D., for R. Herschel Mfg. Co.

Daniel S. Letnes, Letnes & Marshall, Grand Forks, N. D., for Killberry Industries.

Aikins, MacAulay & Thorvaldson, Winnipeg, Manitoba, Canada, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, N. D., for Dayco Corp. (Ramco Division, Dayton Tire & Rubber Co., Dayco Corp., Dayco Industries); Knox B. Foster, Winnipeg, Manitoba, Canada, Carlton J. Hunke, Fargo, N. D., of counsel.

## ORDER

BENSON, Chief Judge.

The above-entitled action arose out of a personal injury claim asserted against plaintiff's insured by Emanuel Benkendorf. Plaintiff seeks indemnity from defendants for the amount paid by plaintiff in settlement of Benkendorf's claim against its insured. The matter is before the court on a Rule 56 motion of defendant Dayco Corporation (Dayco) for summary judgment and on the motion of defendant R. Herschel Manufacturing Co. (Herschel) to dismiss under Rule 12(b)(6), or alternatively for summary judgment.

The court holds there is no genuine issue as to any material facts. Dayco, on its

motion for summary judgment, is entitled to judgment as a matter of law. Herschel is entitled to judgment as a matter of law on the basis of its motion for summary judgment, and also on its motion to dismiss for failure to state a claim upon which relief can be granted.

The facts material to the pending motions are not in dispute. In August 1967, Emanuel Benkendorf purchased an Oliver swather from Martell Tractor Sales in Wishek, North Dakota. Martell had purchased the swather from Oliver Corporation, a distributor for the alleged manufacturer of the swather, defendant Killberry Industries.

On July 31, 1970, Benkendorf was operating the swather when the right drive chain came off. He drove to Wishek and purchased a new drive chain from Martell Tractor Sales. Martell had purchased the chain from defendant R. Herschel Manufacturing Co., who in turn had purchased it from Ramco Industries. Ramco had purchased the chain from defendant Fukoku Company, Ltd., the distributor for the alleged manufacturer, defendant Kaga Industries, Ltd. Plaintiff alleges that when Benkendorf purchased the chain, it was in a container on which was printed the name "Ramco Industries." Subsequent to the sale of the chain, Ramco Industries was succeeded by defendant Dayco Corporation.

After purchasing the new chain, Benkendorf returned to his farm, installed the chain on the swather and resumed swathing. He made one round of the field and stopped to check the new chain. At that time he placed a retainer clip on the chain so it would not come off. While he was making the next round, the new chain broke, and the chain or a piece of it flew up and struck his eyeglasses. A piece of glass from the shattered right lens of his eyeglasses pierced his right eye, resulting in the loss of sight in that eye.

Following the accident, Benkendorf asserted a claim against White Farm Equipment, the successor of Oliver Corporation.

Both Oliver and White were insured against liability claims by plaintiff. After investigating the claim, plaintiff concluded the claim was "legal and valid," and on September 24, 1971, it paid Benkendorf $20,000.00 in full settlement of his claim. By the "Release and Settlement of Claim," Benkendorf released White Farm Equipment Co., Ramco Industries, and Martell Tractor Sales from all claims for personal injuries and property damage resulting from the accident in question "by reason of the breakage of swather chain."

Plaintiff alleges that prior to bringing this action, a formal claim for indemnification was presented to defendants, but defendants failed to indemnify plaintiff. This action was commenced in July 1976 in North Dakota state district court, and was removed to this court by defendant Herschel on August 24, 1976. Plaintiff seeks indemnification of the $20,000.00 it paid to Benkendorf in settlement of his claim, plus settlement and negotiation costs and legal fees and expenses.

Plaintiff's claim for indemnification is based on theories of negligence, breach of implied warranty, and strict liability in tort. In its amended complaint, plaintiff alleges Killberry is liable because the swather was defectively designed and manufactured without a safety shield or safety device to protect the operator from being struck by a broken drive chain, and because Killberry failed to warn of the danger of being struck by a broken chain. Plaintiff alleges defendants Herschel, Dayco, Fukoku and Kaga are liable because the replacement drive chain purchased three years later was defectively designed and manufactured with a tensile strength inadequate to withstand normal use, and because these defendants failed to warn of the danger of breakage of the chain.

In support of their motions, Dayco and Herschel contend that plaintiff has no right of indemnity against them and at most might be entitled to contribution. They further contend any claim for contribution

is barred by the statute of limitations in North Dakota's Uniform Contribution Among Joint Tortfeasors Act, N.D.Cent. Code § 32–38–03(4).

The remedies of contribution and indemnity are both founded upon principles of restitution, although they differ significantly in application.

Contribution is the remedy securing the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable the proportionate share which the other should pay or bear. Contribution rests upon principles of equity. Indemnity is the remedy securing the right of a person to recover reimbursement from another for the discharge of a liability which, as between himself and the other, should have been discharged by the other. . . . Contribution requires the parties to share the liability or burden, whereas indemnity requires one party to reimburse the other entirely.

*Hendrickson v. Minnesota Power & Light Company*, 258 Minn. 368, 104 N.W.2d 843, 846–47 (1960) (footnotes omitted).

Contribution is based upon common liability, and is appropriate where two or more persons are liable to an injured party for the same damages, even though their acts are independent and their liability rests on different grounds. *Guillard v. Niagra Machine & Tool Works*, 488 F.2d 20, 22 (8th Cir. 1973); *Sayler v. Holstrom*, 239 N.W.2d 276, 279 (N.D.1976).

Indemnity "is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties." *Guillard v. Niagra Machine & Tool Works*, 488 F.2d at 23.

The situations in which indemnity is allowed among joint tortfeasors are limited. In *Sayler v. Holstrom*, the North Dakota Supreme Court enumerated the situations in which indemnity is appropriate:

"(1) Where the one seeking indemnity has only a derivative or vicarious liability for damages caused by the one sought to be charged.

"(2) Where the one seeking indemnity has incurred liability by action at the direction, in the interest of, and in reliance upon the one sought to be charged.

"(3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.

"(4) Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged.

"(5) Where there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved.

239 N.W.2d at 280, *quoting Hendrickson v. Minnesota Power & Light Company*, 104 N.W.2d at 848.

None of these situations are present in the instant case. Plaintiff's insured was a distributor of the swather, and had nothing to do with the manufacture or sale of the replacement drive chain. Dayco and Herschel were distributors of the replacement drive chain, and had no participation in the manufacture or sale of the swather. Thus, there is no basis for derivative or vicarious liability. Plaintiff was not acting at the direction of either Dayco or Herschel in making the settlement. Neither is there a basis, under the facts of this case, for a duty owed by either Dayco or Herschel to plaintiff's insured. *See Herman v. General Irrigation Co.*, 247 N.W.2d 472, 479–80 (N.D.1976). Further, plaintiff's insured did not incur liability to Benkendorf through failure on its part to discover or prevent misconduct of Dayco or Herschel, since it was in no position to either discover or prevent the sale of the allegedly defective replacement drive chain. Finally, there is no express contract providing for indemnity.

**1380**

If Benkendorf's injury was caused by a defect in the swather, neither Dayco nor Herschel would be liable to him, and thus would not be liable to plaintiff for indemnity.

If Benkendorf's injury was caused by a defect in the replacement drive chain, plaintiff's insured could not be held liable to Benkendorf, and plaintiff made the settlement payment to him merely as a volunteer. *See LaMetti v. Peter LaMetti Construction Co.*, 305 Minn. 72, 232 N.W.2d 435, 439 (1975).

If Benkendorf's injury was caused by both a defect in the swather and a defect in the replacement drive chain, plaintiff's insured, Dayco, Herschel and others would be commonly liable to him, and plaintiff might have a right to contribution from Dayco and Herschel. But, plaintiff would have a claim for indemnity in this situation only against those parties within the chain of distribution of the swather.[1] *See Larsen v. Minneapolis Gas Company*, 282 Minn. 135, 163 N.W.2d 755 (1968).

Plaintiff has no right to indemnity from either Dayco or Herschel. If plaintiff has a right to contribution, its claim is barred by the applicable statute of limitations. N.D.Cent.Code § 32–38–03(4) provides that an action for contribution must be commenced within one year after a settlement payment is made. Plaintiff made the payment to Benkendorf on September 24, 1971, and it commenced the present action in July 1976. Thus, more than one year had passed between the payment and the commencement of this action, and the limitations period had expired.

IT IS ORDERED the motions of defendants Dayco Corporation and R. Herschel Manufacturing Co. for summary judgment are GRANTED.

IT IS FURTHER ORDERED that judgment be entered for the dismissal of plaintiff's complaint and cause of action against Dayco Corporation and R. Herschel Manufacturing Co.[2]

1. On February 28, 1978, the court granted summary judgment to defendant Killberry Industries, the alleged manufacturer of the swather, on plaintiff's breach of warranty claim. The motion was denied as to the negligence and strict liability claims.

2. R. Herschel Manufacturing Co.'s third-party complaint necessarily falls.